## DEERING & CO. v. WHEELER *et al.*

### DOTSON v. THE SAME.

1  **Chattel Mortgage:** LEVY ON MORTGAGED PROPERTY ; DEPOSIT WITH CLERK : MORTGAGE NOT DUE. Personal property mortgaged prior to the taking effect of chapter 117, Laws of 1886, cannot be taken upon attachment or execution under said act, unless the mortgage debt is due ; and such debt is not due at any time simply because the notes provide that, in case the holder may deem himself insecure, he may take possession of the property under the mortgage and proceed to sell it thereon. In such case the debt does not become due until the creditor does something by way of availing himself of the benefit of such provision ; and a deposit with the clerk of the amount of the mortgage debt gives the execution or attaching creditor no rights under the statute.

2.  **The Same:** RELIEF IN EQUITY. But where, in such case, the execution or attaching creditors deposits the amount of the mortgage debt with the clerk, and it is received by the mortgagee, and he surrenders all right to enforce the mortgage, the execution or attaching creditor may, in the absence of any statute, enforce it against the property to the extent of the sum secured thereby. This being the intention of the parties, equity will carry it into effect, though no rights under the statute are secured by the transaction.

*Appeals from Audubon District Court.*—HON. A. B. THORNELL, Judge.

### FILED, JANUARY 17, 1889.

THESE are actions to recover the value of certain personal property taken and converted by defendant. The plaintiffs in the first case were mortgagees of the property taken, and in the second case the plaintiff was the owner. The cases are submitted for decision together ; the questions of law involved in each being the same, and the facts upon which such questions are

involved being alike in each case. There was a judgment for plaintiff in each case. Defendants in each appeal. Plaintiffs in the first case also appeal.

*F. E. Brainerd, J. M. Griggs* and *Theo. F. Myers*, for appellants.

*Nash, Phelps & Green*, for appellees.

BECK, J.—I. ·The defendants justify the taking and conversion of the property under the following facts:

1. CHATTEL mortgage: levy on mortgaged property: deposit with clerk: mortgage not due. The defendant Wheeler had a judgment against Dotson, who executed the chattel mortgage under which plaintiffs claim. Upon this judgment an execution was issued and placed in the hands of the defendant Mallory, who was the sheriff. Two other mortgages were on the property which were prior to the defendants' judgments and to plaintiff's mortgage. Defendant Wheeler deposited the amount due on these mortgages with the clerk of the court, and then caused the property to be seized and sold upon his execution. The mortgagees received the sums so deposited, and withdrew all claim to enforce the mortgages against the property. The deposit was made by defendant in supposed compliance with chapter 117, Acts Twenty-first General Assembly, authorizing proceedings of this character. ·

II. In our opinion, this statute does not authorize the deposit made by defendant. The mortgages were executed before the enactment of the statute, which in section 1 provides that the deposit may be made when the debt secured is due, in case the mortgage was executed before the statute. But the debt was not due by the terms of the note when the deposit was made. Defendants' counsel, however, claim that the debt secured by one of the mortgages was due and payable on demand, for the reason that the notes provide that, in case the holder may deem himself insecure, he may take possession of the property under the mortgage, and

proceed to sell it thereon. Doubtless, under this provision, the creditor could at any time, if he had cause to deem himself insecure, seize the property, and by this act he would declare the debt due. But, in the absence of any act or notice by the creditor, the debt cannot be regarded as due at any time by the mere force of the condition. The record fails to show that by any act, declaration or notice by the mortgagees the notes had become due. As the debt was not due, defendant could not under, the statute, deposit the amount due and subject the mortgaged property to his execution.

III.   But the money deposited by him was received by the mortgagees, who surrendered all right to enforce
their mortgages. In the absence of statute,
2. THE same:
relief in
equity.
the holder of a junior lien may acquire a senior lien, and, at least to the extent of the sum secured, may enforce it against the property. In the case at bar, defendants, through the clerk, paid the mortgagees the amount of their liens. They intended that defendants should acquire the right to enforce these liens against the property. But they were not acting within the terms of the statute, and therefore acquired no right thereunder. In equity, however, they will be held to have acquired just what the parties intended. The mortgagees intended that they should acquire the right to enforce the mortgage to the extent of the debt. To that extent will equity carry out the intentions of the parties, and will thus far grant relief to defendants. The plaintiffs in these cases cannot complain, for they are not prejudiced by the rule we recognize. Dotson was bound for the debt; he cannot complain. Deering & Co. are deprived of no remedy against their debtors, and their rights as to priority are the same as they were before the transactions in question were had. That is all there is of it. This imposes upon them no injustice or hardship.

IV.   It is plain that defendants acquired the right to enforce the mortgages to the extent of the amount due thereon, and no further. So the district court found that the property in each case exceeded the amount of

the debts, and rendered judgment therefor. We think the amounts of the respective judgments, as found by the district court, are correct. The evidence is not as clear and direct as it could have been, but we think it satisfactorily supports the findings of the court below.

V. The plaintiffs in the first case, upon their appeal, insist that a demurrer by them to defendants' answer, setting up the right of defendants to equitable relief upon the facts alleged, was erroneously overruled. But the right of defendants to relief we have considered and settled in this opinion. Nothing further need be said upon the ruling on the demurrer.

The same plaintiffs also insist that the amount of the judgment in their favor, as found by the district court, is too small. We have considered the evidence bearing upon this point as just stated above. Other questions in the case need not be discussed. In our opinion, the cases on all the appeals should be

AFFIRMED.