DEGENHART, APPELLANT, *v.* CARTIER ET AL., RESPONDENTS.

(No. 3,598.)

(Submitted February 11, 1916.   Decided March 2, 1916.)

[157 Pac. 637.]

*Chattel Mortgages—Attaching Creditors—Rights of Subrogation —Right of Mortgagee.*

Chattel Mortgages—Attaching Creditors—Deposit—Effect of Making—Right of Mortgagee.
1.   By depositing with the county treasurer (Rev. Codes, sec. 5766) the amount of a prior mortgage on property which he seeks to attach, a creditor does not pay the debt secured thereby or discharge the mortgage, but is substituted to the right of the mortgagee to have recourse to the mortgaged property; a destruction of this right of recourse, by connivance between the mortgagor and mortgagee, is redressible in damages.

Same—Case at Bar.
2.   To enable a creditor to attach cattle on which there was a chattel mortgage, he deposited with the county treasurer, payable to the mortgagee, the amount secured thereby, but before the levy of the writ could be made, the defendant mortgagor, in connivance with the mortgagee, placed a second mortgage in favor of the latter on the property; after the levy had been made, the defendants demanded the release of the cattle because of the prior lien of the second mortgage; the sheriff released, and, upon demand made, the amount of the deposit was paid over to the defendants, the mortgagee satisfying the first mortgage of record.   In an action to recover the deposit made by the attaching creditor, the complaint setting forth the above facts at length, *held* to state a cause of action.

Same—Making Deposit—Who not Interested in.
3.   The provision of section 5766, Revised Codes, requiring an attaching creditor to tender or deposit the amount of a prior mortgage with interest, was designed solely for the benefit of the mortgagee, and therefore neither the mortgagor nor a junior creditor was concerned in such deposit.

*Appeal from District Court, Granite County; Geo. B. Winston, Judge.*

ACTION by Lee C. Degenhart against George A Cartier and others.   From a judgment for defendants, plaintiff appeals. Reversed and remanded.

*Mr. S. P. Wilson,* for Appellant, submitted a brief and argued the cause orally.

The authorities often state the maxim of law that there is no wrong without a remedy.   Neither is it necessary that there

should be precedent for every action for every remedy that is sought in the courts. (Cooley on Tort, 1st ed., 19; 1 R. C. L., 322; *Kujek* v. *Goldman,* 150 N. Y. 176, 55 Am. St. Rep. 670, 34 L. R. A. 156, 44 N. E. 773; *Pavesich* v. *New England M. L. Ins. Co.,* 122 Ga. 190, 106 Am. St. Rep. 104, 2 Ann. Cas. 561, 69 L. R. A. 101, 50 S. E. 68.) Section 5766, Revised Codes, provides the rights and procedure of an attaching creditor against mortgaged personal property. This section clearly was intended for the benefit of the attaching creditor. (*Moore* v. *Calvert,* 8 Okl. 358, 58 Pac. 627; *Willson* v. *Felthouse,* 90 Iowa, 315, 57 N. W. 878; *Tollerton & Stetson Co.* v. *Skelton,* 118 Iowa, 543, 96 Am. St. Rep. 409, 92 N. W. 651.) Apparently the attaching creditor can pursue no other course, but is obliged to make the deposit. (7 Cyc. 54.)

First Cause of Action: The general theory of the law in reference to liens and mortgages is that when a third person pays the same for the protection of some right of his own, such payment does not constitute a satisfaction of the mortgage, or a release of the original debtor, but merely serves to subrogate the rights of the third person making the payment to the rights of the mortgagee in the mortgage. (27 Cyc. 1221, 1222; *Gerrily* v. *Wareham Savings Bank,* 202 Mass. 214, 88 N. E. 1084; *Everett* v. *Gately,* 183 Mass. 503, 67 N. E. 598; *In re Automobile Livery Service Co.,* 176 Fed. 792.) The same rule applies to chattel mortgages. The case of *Moore* v. *Calvert, supra,* lays down the broad equitable rule that where a deposit is made, as was done by appellant here, to pay a prior recorded chattel mortgage to enable the depositor to subject the mortgaged property to the payment of his claim, the deposit, while technically a legal payment of the mortgage, is in equity a subrogation of the depositor to the rights of the mortgagee, when for any reason the attachment proceedings fail. And when one person interferes with the legal rights or property of another, he commits a tort for which he is liable in damages. (38 Cyc. 415.) The lien of a chattel mortgage or an equitable lien arising out of a chattel mortgage is property that will be protected by law.

An action will lie for any wrongful act that causes the destruction or loss of the security of a lien. (*Mechanics' Savings Bank* v. *Thompson,* 58 Minn. 346, 59 N. W. 1054; *Dillon* v. *Great Northern Ry. Co.,* 38 Mont. 485, 100 Pac. 960; Jones on Liens, sec. 1035; 3 Joyce on Damages, secs. 1915–1919.) Plaintiff has a cause of action in damages. (*Van Pelt* v. *McGraw,* 4 N. Y. 110.)

Second Count: This count is directed against the defendant Power, and is based upon the proposition that he had and received from the county treasurer money which in equity and good conscience, under the circumstances, he ought not to retain, but should return to appellant, and that thus the law implies a promise and obligation on the part of Power to repay the same to the plaintiff. (*Merchants' & M. Nat. Bank* v. *Barnes,* 18 Mont. 336, 56 Am. St. Rep. 586, 47 L. R. A. 737, 45 Pac. 218; *Dresser* v. *Kronberg,* 108 Me. 423, Ann. Cas. 1913B, 542, 36 L. R. A. (n. s.) 1218, 81 Atl. 487.) Where money is paid for a particular consideration, and the consideration fails, an action for money had and received will lie for its return. (27 Cyc. 855; *Rogers* v. *Walsh,* 12 Neb. 28, 10 N. W. 467; *Warder etc. Co.* v. *Myers,* 70 Neb. 15, 96 N. W. 992; *Ripley* v. *Case,* 86 Mich. 261, 49 N. W. 46; *Dashaway Assn.* v. *Rogers,* 79 Cal. 211, 21 Pac. 742; *Reina* v. *Cross,* 6 Cal. 29; *Burk* v. *Milwaukee, L. S. & W. Ry. Co.,* 83 Wis. 410, 53 N. W. 692; *American etc. Bank* v. *Loretta G. & S. M. Co.,* 165 Ill. 103, 56 Am. St. Rep. 236, 46 N. E. 202.)

Where money is received to be applied to a particular purpose and it is not applied to that purpose, an action in money had and received will lie by the one who pays the money against the one who receives it. (27 Cyc. 862; *Gillespie* v. *Evans,* 10 S. D. 234, 72 N. W. 576; *Stewart* v. *Phy,* 11 Or. 335, 3 Pac. 443; *Dennis* v. *Pabst Brewing Co.,* 80 Minn. 15, 82 N. W. 978; *O'Donnell* v. *Perrin,* 77 Mich. 173, 43 N. W. 774; *Clark* v. *Jenness,* 188 Mass. 297, 74 N. E. 343; *Messenger* v. *Votaw,* 75 Iowa, 225, 39 N. W. 280; *Ph. Zang Brewing Co.* v. *Bernheim,* 7 Colo. App. 528, 44 Pac. 380.)

Third Count: If appellant was entitled to receive back his deposit from the treasurer at the time defendant Power demanded and received the same, then trover lies for conversion of the fund. (*Morrin* v. *Manning,* 205 Mass. 205, 91 N. E. 308; *Dunham* v. *Cox,* 81 Conn. 268, 70 Atl. 1033; 38 Cyc. 2014.)

*Mr. Wingfield L. Brown,* for Respondents, submitted a brief and argued the cause orally.

Section 5766, Revised Codes, must be strictly construed and followed both in its procedure and the method in which the attaching creditor is to be repaid the money advanced by him to pay the mortgage debt. (2 Cobbey on Chattel Mortgages, sec. 718.) The theory of the statute invoked by the appellant that invested him with the privilege of paying the mortgage debt is the extinguishment of the debt thus secured, so as to enable the lien of attachment to take effect; and whether the appellant paid the money and failed to have the mortgaged chattels seized under the writ of attachment, or whether he caused the property to be seized and later consented to their release, he was confined to the course he adopted when he voluntarily used the provisions of the statute to aid him, and the only lien he could possibly secure would be the lien of attachment. He could not in any manner avail himself of both; the lien of attachment and the lien of mortgage being incompatible, they could not coexist. (*Cheney* v. *Caldwell,* 20 Mont. 77, 49 Pac. 397; *Cochrane* v. *Rich,* 142 Mass. 15, 6 N. E. 781; *Baumgartner* v. *Vollmer,* 5 Idaho, 340, 49 Pac. 729; *Carstenbrook* v. *Wedderien* 7 Cal. App. 465, 94 Pac. 372.) The payment of the mortgage debt by the attaching creditor simply gave him the right to enforce his claim under the writ of attachment. The mortgage was, by the payment of the same by the appellant, discharged, and it was not within his power to revive it or re-establish a lien thereunder. (See 2 Cobbey on Chattel Mortgages, sec. 718; *Cochrane* v. *Rich,* 142 Mass. 15, 6 N. E. 781; *Baumgartner* v. *Vollmer,* 5 Idaho, 340, 49 Pac. 729; *Carstenbrook* v. *Wedderien, supra; Bell-Wayland Co.* v.

*Miller M. Co.,* 39 Okl. 4, Ann. Cas. 1915D, 780, 130 Pac. 594; *Moore* v. *Calvert,* 8 Okl. 358, 58 Pac. 627.)

The cases cited by appellant as giving a right of action in cases where the execution or attachment fail, do not intimate that a person who abandons his process of execution or attachment is entitled to any relief. They refuse him the relief asked on that very ground. There is a difference between the failure of process, and its nonenforcement at the election of the party who is entitled to have it enforced. In the latter case the execution or attachment remains a living, vital force to execute the will of the one who is responsible for its existence. When he abandons it, it becomes dormant and useless unless revived by action.

MR. JUSTICE SANNER delivered the opinion of the court.

The judgment from which this appeal is taken was entered after a general demurrer to the complaint, filed by defendants jointly, had been sustained; the plaintiff declining to further plead. Hence the only question before us is whether a cause of action is stated against any of the defendants upon any theory.

The purpose of the action is to recover the sum of $1,012.80, with interest. The complaint is in three counts, doubtless so framed to meet the supposed exigencies of classification. We do not deem the attempt thus made to classify the action as of great importance, since it is the facts pleaded upon which recovery must be had. These facts, as set forth in the first count, are: That on February 26, 1913, the plaintiff brought an action upon account to recover the sum of $397.51 then due him from the defendant George A. Cartier, caused a writ of attachment to issue therein, and placed said writ in the hands of the sheriff for levy and service; that the only property possessed by said Cartier not exempt from execution was certain livestock of the value of $1,600, which property was subject to a chattel mortgage to the defendant Power for $1,000, duly filed; that the plaintiff, being desirous of attaching said property and for

the sole purpose of enabling a levy of the writ to be made thereon, deposited with the county treasurer, payable to Power, the amount due upon said chattel mortgage, to-wit, $1,012.80, as required by the provisions of section 5766, Revised Codes; that the sheriff proceeded to make the levy, but before he could reach the property the defendants, who had learned of the filing of plaintiff's complaint, of the issuance of said writ, of said deposit, and of the purpose for which it was made, did, with the purpose of defrauding the plaintiff out of said deposit, cause said property to be encumbered with a second chattel mortgage, dated February 26, 1913, executed by the defendant George A. Cartier to the defendant Power for $675, and filed; the writ meanwhile was levied, and on February 27, 1913, the defendants served upon the sheriff a written demand that, because Power claimed a lien on the property by virtue of the mortgage last mentioned, the sheriff release said property from the levy; that the sheriff released, and thereupon the defendants demanded and received from the county treasurer the moneys which had been deposited by the plaintiff, and caused to be indorsed upon said chattel mortgage a certificate by said Power to the effect that said chattel mortgage had been fully paid, satisfied, and discharged; that thereafter the defendants caused other and further encumbrances to be given and placed upon said property, and caused said property to be sold and disposed of, and to come into the hands of innocent purchasers; that the defendants Cartier are insolvent, and the defendant Power has kept the moneys deposited by the plaintiff with the treasurer and paid over by the treasurer to said Power; that the acts and things above mentioned as done by the defendants were wrongfully and fraudulently done, for the single purpose of preventing, as they did prevent, the plaintiff from proceeding with his attachment or getting back his deposit, to his damage in the sum of $1,012.80, with interest.

In the second count, which takes the form of an action for money had and received, and in the third count, which takes the form of an action in conversion, the acts complained of

are imputed to Power alone; but the theory underlying the **[1–3]** whole complaint is that the deposit by the plaintiff of the amount due on Power's first mortgage did not pay the debt secured thereby or discharge the mortgage, but served to subrogate the plaintiff to the right of Power as such mortgagee; that the defendants could not lawfully destroy the right of recourse as against the mortgaged property for the amount so paid, thus obtained by the plaintiff; that they did destroy it when, under the circumstances stated, Power certified of record that the chattel mortgage had been fully paid, satisfied, and discharged, and in so doing committed a wrongful act, redressible in damages. We think this position is substantially correct. A creditor desiring to attach chattels, must, under section 5766, pay, tender or deposit "the amount of the mortgage debt and interest," in other words, he must protect the mortgagee; but he is not required to pay, and does not satisfy, the mortgage; on the contrary, his right to look to the property for reimbursement of the sum paid to the mortgagee, is expressly recognized. The statute was designed solely for the benefit of the mortgagee. He alone could complain in the first instance if the property were seized under attachment without regard to his mortgage, and neither the mortgagor nor a junior creditor has any concern in the payment made to him by the creditor seeking to attach. This being so, it cannot be supposed that the debt secured by the mortgage is extinguished without the expenditure of a single cent by the debtor, or that, should the attachment fail, the attaching creditor must lose, not only the security he hoped to obtain by the attaching for his original demand, but also the sum paid to place the mortgage lien in abeyance pending the attachment. Under statutory conditions similar to ours it has been recognized that a right in the nature of subrogation does vest in the attachment creditor who pays the amount of a prior mortgage, and if his attachment should fail he still has recourse to the property for the amount paid to the mortgagee. (*Moore v. Calvert*, 8 Okl. 358, 58 Pac. 627; *Bell-Wayland Co.* v. *Miller-Mitscher Co.*, 39 Okl. 4, Ann. Cas. 1915D, 780, 130 Pac. 593; *Car-*

*stenbrook* v. *Wedderien,* 7 Cal. App. 465, 94 Pac. 372; *Deering* v. *Wheeler,* 76 Iowa, 496, 41 N. W. 200; *Armstrong* v. *McAlpin,* 18 Ohio St. 184.) As that right is a property right, he cannot be justly deprived of it by anyone, let alone the debtor, who has paid nothing, or the mortgagee, to whose claim against the property he has, in legal effect, succeeded. In our opinion, therefore, to destroy that right, as the complaint alleges it was destroyed in this instance, was a wrong, whether done by all the defendants, or by Power alone, and for it recovery can be had against the guilty party.

Counsel for respondents present this case as though the right of Power to procure the second mortgage, and with it to win an honest race of diligence against the plaintiff's attachment, were the questions involved; but these are not primary considerations, because the plaintiff is not seeking to recover for the loss of his attachment security. It is also argued that no recovery based upon the satisfaction of the mortgage by Power can be had, because the statutes (Rev. Codes, secs. 5755, 5771) require a mortgagee, whose mortgage has been paid, to satisfy the same. This is not tenable. The sections just referred to require a mortgagee to satisfy the mortgage only when the debt or obligation thereby secured has been paid or performed; as the debt secured by this mortgage was not paid by the deposit, but the right to collect it was thereby vested in the plaintiff, these sections have no application.

The judgment appealed from is reversed and the cause is remanded, with directions to overrule the demurrer.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

Rehearing denied March 31, 1916.