DEGENHART, RESPONDENT, *v.* CARTIER ET AL., APPELLANTS.

(No. 4,172.)

(Submitted June 4, 1920.   Decided July 6, 1920.)

[192 Pac. 259.]

*Chattel   Mortgages—Attaching   Creditors—Deposit—Effect—Subrogation—Appeal   and   Error—Sales—Innocent   Purchaser.*

Sales—"Innocent Purchaser."
   1.   To be an "innocent purchaser," a vendee must in good faith pay a valuable consideration without notice of outstanding legal or equitable rights.

Chattel Mortgages—Attaching Creditors—Deposit—Wrongful Satisfaction
of Mortgage—Damages—Proximate Cause.

2. Evidence in an action by an attaching creditor to recover the
amount of the deposit made by him at the time he attached mort-
gaged chattels, on the alleged ground that his right of recoupment
against the attached property had been destroyed by the wrongful
act of the mortgagee, after payment of the deposit to him, in
certifying of record that the mortgage had been fully satisfied and
discharged, thus causing the property to be subsequently sold to an
innocent purchaser, *held* to show that the purchaser was not an
innocent one, that the loss sustained by plaintiff was due to his
own relinquishment of his lien, and not to the wrongful act of
defendant, and that the latter was therefore not liable.

Same—Effect of Deposit by Attaching Creditor—Subrogation.

3. By depositing the amount of a prior chattel mortgage, an at-
taching creditor is subrogated to the right of the mortgagee for
the purpose of subjecting the property to the satisfaction of his
claim.

Appeal and Error—Judgment to be Sustained, to What Extent.

4. If under his pleading and the undisputed evidence a party is
entitled to some relief, the judgment should be sustained to the ex-
tent of the relief to which he is shown to be clearly entitled.

Appeal from District Court, Granite County; George B.
Winston, Judge.

ACTION by Lee C. Degenhart against George A. Cartier and
others. Judgment for plaintiff and defendants appeal. Re-
versed and remanded, with directions.

*Mr. Wingfield L. Brown* and *Mr. R. Lewis Brown,* for
Appellants, submitted a brief; *Mr. Wingfield L. Brown* argued
the cause orally.

*Mr. S. P. Wilson* and *Mr. J. J. McDonald,* for Respondent,
submitted a brief; *Mr. Wilson* argued the cause orally.

Under the doctrine of money had and received, plaintiff is
entitled to recover. Appellant took and received from the
county treasurer money, which in equity and good conscience
he ought not to retain, but in equity and good conscience he
should return to respondent. The law implies a promise, an
obligation, on the part of Power to repay the same. The legal
principles here involved have been declared by the courts upon
many occasions. (*Mechanics & Miners' Nat. Bank* v. *Barnes,*
18 Mont. 335, 56 Am. St. Rep. 586, 47 L. R. A. 737, 45 Pac.

218.) The underlying principle of. equity that inspires the decisions in all the cases applies very emphatically to the instant case. (*Dresser* v. *Kronberg,* 108 Me. 423, Ann. Cas. 1913B, 542, 36 L. R. A. (n. s.) 1218, 81 Atl. 487.)

Where money is paid for a particular consideration and the consideration fails, an action for money had and received will lie for its return. (27 Cyc. 855; *Rogers* v. *Walsh,* 12 Neb. 28, 10 N. W. 467, 468; *Warder, Bushnell & Glessner Co.* v. *Myers et al.,* 70 Neb. 15, 96 N. W. 992; *Ripley* v. *Case,* 86 Mich. 261, 49 N. W. 46; *Dashaway Assn.* v. *Rogers et al.,* 79 Cal. 211, 21 Pac. 742; *Reina* v. *Cross,* 6 Cal. 29; *Burke* v. *Milwaukee, L. S. & W. Ry. Co.,* 83 Wis. 410, 53 N. W. 692; *American Exchange Nat. Bank* v. *Loretta Gold & S. Min. Co.,* 165 Ill. 103, 56 Am. St. Rep. 236, 46 N. E. 202.)

Where money is received to. be applied to a particular purpose and it is not applied to that purpose, an action in money had and received will lie by the one who pays the money against the one who receives it. (27 Cyc. 862; *Gillespie* v. *Evans,* 10 S. D. 234, 72 N. W. 576, 577; *Stewart* v. *Phy,* 11 Or. 335, 3 Pac. 443; *Dennis* v. *Pabst Brewing Co.,* 80 Minn. 15, 82 N. W. 978; *O'Donnell* v. *Perrin,* 77 Mich. 173, 43 N. W. 774; *Clark* v. *Jenness,* 188 Mass. 297, 74 N. E. 343; *Messenger* v. *Votaw,* 75 Iowa, 225, 39 N. W. 280; *Ph. Zang Brewing Co.* v. *Bernheim,* 7 Colo. App. 528, 44 Pac. 380; *Finch* v. *Park,* 12 S. D. 63, 76 Am. St. Rep. 588, 80 N. W. 155.)

The court found that in taking plaintiff's deposit from the treasurer, defendant Power converted the same and the testimony and the law sustained this finding. Before Power received the deposit, he by his own acts had placed the legal status of the mortgaged property in such condition that plaintiff, not Power, was entitled to take back the deposit; hence Power converted the fund. ' (*Morrin* v. *Manning,* 205 Mass. 205, 91 N. E. 308; *Dunham* v. *Cox,* 81 Conn. 268, 70 Atl. 1033; 38 Cyc. 2014.) It may be conceded, for the sake of argument, that in the absence of other inconsistent acts on the part of Power, his act in filing the second mortgage and in

asserting claim to the mortgaged property under it were not unlawful. After Power filed his second mortgage he had two courses to pursue: (a) He could decline plaintiff's deposit and retain his mortgage, and thus stop further proceedings of plaintiff; (b) he could accept plaintiff's deposit and allow plaintiff to pursue his remedy. By filing his second mortgage he elected unequivocally to pursue the course (a), because thereby he prevented further proceedings by plaintiff. The two courses were inconsistent and repugnant to each other, and after electing his course (a) he could not thereupon choose and pursue course (b) as well, as he attempted to do. Having elected course (a), then Power had no right to detain or receive plaintiff's deposit from the treasurer. (*O'Meara* v. *McDermott*, 43 Mont. 189, 115 Pac. 912; *Clausen* v. *Head*, 110 Wis. 405, 84 Am. St. Rep. 933, 85 N. W. 1028, 1029.) "He was where he could take either of two roads, but not both. The roads reached out in different directions so that to travel one necessarily required the abandonment of the other, and the choice of one with knowledge of the facts destroyed beyond recall the opportunity to take the other." (*Strong* v. *Strong*, 102 N. Y. 69, 5 N. E. 799; *Chicago, B. & Q. R. Co.* v. *Bigley*, 1 Neb. (Unof.) 225, 95 N. W. 344, 345; *Reints & De-Buhr* v. *Uhlenhopp*, 149 Iowa, 284, 128 N. W. 400; *Davis* v. *Schmidt*, 126 Wis. 461, 110 Am. St. Rep. 938, 106 N. W. 119; *Herbert* v. *Wagg*, 27 Okl. 674, 117 Pac. 209, 210; *Wilmore* v. *Mintz*, 42 Colo. 328, 20 L. R. A. (n. s.) 259, 95 Pac. 536.) The purpose of the deposit having failed at the election of Power and by the act and conduct of Power, then plaintiff immediately became entitled to withdraw his deposit. From that moment Power's act in receiving the deposit constituted a conversion thereof.

Under the doctrine of estoppel the defendant, by reason of his utterly inconsistent act of filing the second mortgage and asserting claim thereunder, would be estopped to lay claim to plaintiff's deposit. (16 Cyc. 785–787; *Newell* v. *Meyendorff*, 9 Mont. 254, 18 Am. St. Rep. 738, 8 L. R. A. 440, 23 Pac.

333; *Ford* v. *Ford,* 24 S. D. 644, 124 N. W. 1108; *Well, Fargo & Co.* v. *Alturas Com. Co.,* 6 Idaho, 506, 56 Pac. 165.)

MR. JUSTICE MATTHEWS delivered the opinion of the court.

The complaint in this action has been before this court on the question of its sufficiency. (*Degenhart* v. *Cartier et al.,* 52 Mont. 102, 157 Pac. 637.) The action was brought to recover the sum of $1,012.80, with interest—it being alleged in the complaint that plaintiff had theretofore commenced an action against defendant Cartier, and caused a writ of attachment to be issued therein and placed in the hands of the sheriff for service; that the only property possessed by Cartier, and not exempt from execution, was certain livestock, of the value of $1,600, subject to a chattel mortgage to the defendant Power to secure a note for $1,000; and that, in compliance with section 5766, Revised Codes, plaintiff deposited the amount due on the mortgage with the county treasurer, payable to Power. The complaint then alleges that before the sheriff could reach the property, and before the levy of the writ, learning of the commencement of the action, defendants caused a second chattel mortgage for the sum of $675, made by Cartier to Power, to be filed, and thereafter, on the day following the levy, served written notice on the sheriff that Power claimed a lien on the property by virtue of the second mortgage. The complaint further alleges that the sheriff did release the property from the attachment, and thereupon the defendant Power demanded and received from the county treasurer the moneys which had been deposited, and that Power thereupon satisfied the mortgage of record. The complaint then alleges that thereafter the defendants caused other and further encumbrances and mortgages to be given and placed on the property, and caused the said property to be sold and disposed of, and to come into the hands of innocent purchasers; that the Cartiers are insolvent, and that Power had kept the money so received from the

county treasurer. The complaint concludes with the allega-
tion:

"That the acts and things above mentioned as done by the
defendants were wrongfully done, for the single purpose of
preventing, as they did prevent, the plaintiff from proceeding
with the attachment or getting back his deposit, to his damage
in the sum of $1,012.80," the amount so deposited with the
county treasurer.

This court, having determined that the complaint did state
a cause of action, remanded the cause, with direction to over-
rule the demurrer, and thereafter the defendant Power, and
defendants Cartier and wife, filed separate answers, setting
up all of the transactions leading up to the commencement of
this action at length. Much of this matter was irrelevant or
surplusage, and was by the court stricken from the separate
answers. Certain allegations in the answers, which may have
been material to the issues, were also stricken; but, as these
matters do not affect the conclusion herein reached, the court's
rulings thereon will not be considered. The proof substan-
tiates the allegations of the complaint, except in certain very
important particulars, which will be hereafter noted.

1. In the case of *Degenhart* v. *Cartier, supra,* it is held that,
[1, 2] by depositing the amount due on a chattel mortgage
in the manner provided by law, an attaching creditor does not
pay the debt nor discharge the mortgage, but is subrogated to
the rights of the mortgage, and that, if his attachment should
fail, he still has recourse to the property for the amount paid
to the mortgagee. The opinion, written with the complaint
alone before the court, holds that "the theory underlying the
whole complaint is * * * that the defendants could not
lawfully destroy the right of recourse as against the mort-
gaged property for the amount so paid, thus obtained by the
plaintiff; that they did destroy it when, under the circum-
stances stated, Power certified of record that the chattel mort-
gage had been fully paid, satisfied and discharged, and in
so doing committed a wrongful act, redressible in damages,"

is substantially correct. However, among the "circumstances stated" in the complaint is the allegation that by their conduct the defendants caused the property to be sold and to pass into the hands of an *innocent purchaser*. To be an innocent purchaser, the vendee must, in good faith, pay a valuable consideration without notice of outstanding legal or equitable rights. (*Tate* v. *Kramer*, 1 Tex. Civ. App. 427, 23 S. W. 255.)

The testimony of the vendee, Greenheck, clearly negatives the allegation that he was an innocent purchaser; he had been attempting to purchase the cattle for some months; he knew of the mortgage and the commencement of the attachment suit, of the deposit by plaintiff and its withdrawal by Power, and of the dismissal of the suit and the return of the cattle by Cartier, and purchased the cattle some three weeks later. The witness testified that in the meantime he had had a conversation with Degenhart, and, while the court did not permit him, when a witness for the defense, to relate the conversation, on cross-examination as a witness for the plaintiff it developed that the witness had in that conversation said to Degenhart: "You had better hold on to the cattle, and he said that Durfee told him that Power had to give him a thousand dollars." Degenhart, called in rebuttal, did not deny that such a conversation took place.

On the former appeal, this court, speaking of the plaintiff's right of recoupment against the property, said: "As that right is a property right, he cannot be justly deprived of it by anyone, let alone the debtor, who has paid nothing, or the mortgagee, to whose claim against the property he has, in legal effect, succeeded. In our opinion, therefore, to destroy that right, as the complaint alleges it was destroyed in this instance, was a wrong, whether done by all the defendants, or by Power alone, and for it recovery can be had against the guilty party." But in order to avail himself of the rule laid down, the plaintiff must bring himself within the rule, by showing that his right was destroyed "as the complaint

alleges it was destroyed," to-wit, that, through the wrongful
acts of the defendants, the property passed into the hands of
an innocent purchaser. In other words, he must establish the
causal connection between the wrongful acts of the defendants, or the defendant Power, and the resulting damage.

As heretofore stated, plaintiff was subrogated to the rights
of Power in the mortgage; his deposit, and the subsequent receipt of the money by Power, did not operate as payment or
discharge of the mortgage; and, as between plaintiff and defendant Cartier, the illegal cancellation of the mortgage had
no effect whatsoever. Its only possible effect was to render a
purchase of the property valid, when made in good faith by
someone in ignorance of the lien against the property, and
who would be entitled to rely on the record of cancellation.
The uncontradicted testimony of Greenheck shows a voluntary relinquishment by plaintiff of his lien against said property, which action on the part of the plaintiff caused the loss
complained of.

2. The trial court, in finding No. 12, found that the cancellation of the mortgage of record "did in fact cancel said mortgage and destroy the lien thereof, and the security of the
plaintiff thereunder for his said deposit, and said act did prevent plaintiff from pursuing his remedy against the property." This finding, in the nature of a conclusion of law,
was, under the rule above quoted from the former opinion of
this court, erroneous.

3. The court also, in said finding No. 12, followed the allegation of the complaint that the defendants "caused the property
to be sold and to come into the hands of innocent purchasers."
The finding is supported by no evidence whatsoever; on the
contrary, the undisputed evidence conclusively rebuts any such
presumption.

Respondent relies on the principle that, where the consideration fails, an action for money had and received will lie;
but here, there is no failure of consideration. Plaintiff received just what he paid for—a subrogation to the rights of
[3] Power in the chattel mortgage, for the purpose of sub-

jecting the property to his claim in the attachment suit. If his attachment suit failed, he had the right to subject the property to his claim for the amount of the deposit—all that he claims in this suit. (*Degenhart* v. *Cartier, supra; Deering & Co.* v. *Wheeler,* 76 Iowa, 496, 41 N. W. 200.) He had the property in his possession at the time of the dismissal of the attachment suit, the cattle having been turned over to him as keeper by the sheriff, and voluntarily yielded possession to Cartier. The deposit was not withdrawn by Power until some time after the demand for the return of the cattle, and approximately at the time of the dismissal of the attachment suit, up to which time Degenhart could have withdrawn his deposit. In receiving the amount of the deposit, Power secured nothing more than he was entitled to under the chattel mortgage, and, by doing so, in effect transferred his lien on the cattle to Degenhart. Neither the improper or wrongful satisfaction of the mortgage of record, nor the filing of subsequent encumbrances, in any manner affected the right so acquired by the plaintiff. As between himself and Cartier, he could have asserted his right at any time prior to the sale, and could have done so even after the sale to Greenheck, who had knowledge of the claim against the property, and at the time of the purchase gave the plaintiff the opportunity to make himself whole.

It is therefore clear that the resulting damage to the plaintiff was caused, not by the wrongful act of defendant Power, but by his own negligence and voluntary abandonment of his lien, and, having waived his right and permitted the property to be dissipated, he is now in no position to recover from Power, and thus deprive the latter of both his lien and the proceeds therefrom.

The judgment is reversed and the cause remanded, with direction to dismiss the complaint.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and ASSOCIATE JUSTICES HOLLOWAY, HURLY and COOPER concur.

(Decided September 24, 1920.)

On Motion for Rehearing. .

MR. JUSTICE MATTHEWS delivered the opinion of the court.

Counsel for plaintiff, in urging a rehearing of this cause, contends that the opinion herein exonerates the defendants George A. Cartier and Carrie E. Cartier from liability on the note set up in the complaint herein. This contention is not justified by the wording of the opinion; it is there declared that the plaintiff is subrogated to the rights of the payee and mortgagee. The action was brought on the theory that the plaintiff was entitled to recover by reason of the wrongful acts of the defendants, acting jointly, in withdrawing the deposit from the county treasury and, at the same time, rendering the plaintiff's attachment of the property worthless, and this is the theory on which the appeal was prosecuted.

Under the theory on which the case was tried, the plaintiff was not entitled to recover from any of the defendants; however, as stated, plaintiff was subrogated to the rights of the payee and mortgagee, and could have proceeded to a foreclosure of the chattel mortgage, or, on a showing that the property had become dissipated and the mortgage worthless, and that, therefore, the note was no longer secured by mortgage, the plaintiff might have been in a position to sue on the note without a foreclosure.

The complaint herein alleges the making of the note by George A. Cartier and Carrie E. Cartier, the facts constituting a subrogation, and the manner in which the mortgaged property was disposed of, and that neither the note nor any part thereof has been paid, and prays for general relief. This court has held [4] that, in determining whether a complaint states a cause of action or entitles the plaintiff to any relief, if upon any view plaintiff is entitled to any relief, the pleading will be sustained. (*Raymond* v. *Blancgrass,* 36 Mont. 449, 93 Pac. 648; *Crawford* v.

*Pierce,* 56 Mont. 371, 185 Pac. 315.)     By analogy it would seem that if, under the pleadings and the undisputed evidence in the case, the plaintiff is entitled to any relief, a judgment in his favor should be sustained to the extent of the relief to which he is thus clearly entitled.

The trial court has, however, never passed upon the question as to whether or not plaintiff is entitled to a judgment against the defendants George A. Cartier and Carrie E. Cartier on the note, and in the absence of a foreclosure of the chattel mortgage and a disposition of that question, may require the taking of additional testimony to determine the plaintiff's right to sue upon the note in disregard of the mortgage feature.     The decision will therefore be modified, so that the closing paragraph shall read:

The judgment is reversed, and the cause remanded to the district court of the third judicial district, with direction to dismiss the complaint as to the defendant Power, and, by such further proceeding as it shall deem necessary, determine whether or not the plaintiff is entitled to judgment against the defendants George A. Cartier and Carrie E. Cartier on the note mentioned in the complaint.

Mr. Chief Justice Brantly and Associate Justices Holloway, Hurly and Cooper concur.