DOERING, APPELLANT, *v.* SELBY ET AL., RESPONDENTS.

(No. 5,842.)

(Submitted February 10, 1926. Decided February 18, 1926.)

[244 Pac. 485.]

*Conversion—Chattel Mortgaged Property—Filing of Mortgage not Entitled to be Filed — Effect — Evidence — Findings — Statutes.*

Conversion—Sale of Chattel Mortgaged Property After Filing of Mortgage Void—Contract of Sale Inadmissible in Evidence.
1. A conditional sale contract of mortgaged personal property made after the due filing of the mortgage—though valid as between the parties to it—is void as against the mortgagee, and the writing evidencing the sale is inadmissible in evidence in an action for conversion against the seller who retook the property on breach by the buyer.

Chattel Mortgages—Failure to File—Valid Between Parties.
2. A chattel mortgage not filed in the office of the county clerk is valid as between the parties to it.

Same—Statutory Requirements—Strict Construction.
3. The statutory requirements intended to protect the lien of a chattel mortgagee on the mortgaged property against attaching creditors—such as that the mortgagor's receipt of a copy of the mortgage from the mortgagee shall be attached to the mortgage before it is entitled to filing—must be strictly followed.

Conversion—Chattel Mortgage—Effect of Filing of Instrument not Entitled to Filing—Constructive Notice—Sale of Property—Contract—Admissibility in Evidence.
4. Under the rule that an instrument not entitled to record, though actually recorded, does not impart any constructive notice whatever,

---

2. Effect of failure to record chattel mortgage, see note in 137 Am. St. Rep. 471. See, also, 5 R. C. L. 414.
3. Registration of chattel mortgages, see note in 21 Am. St. Rep. 282.
4. See 5 R. C. L. 414.

[75 Mont. 416.]

*held* that where a chattel mortgage was not entitled to filing because of the absence of a receipt attached thereto showing that the mortgagee had surrendered to the mortgagor a copy of the mortgage (sec. 8276, Rev. Codes 1921), its filing imparted no notice to the conditional vendor of the property, mortgaged by the vendee after the sale, and the contract of sale was properly admitted in evidence in defense to an action for the conversion of the property taken by defendant vendor under the provisions of the contract upon condition broken.

Statutes—Time of Taking Effect.
5. Where the legislature provides that an Act shall be in full force and effect from and after its passage and approval, the courts cannot relieve a litigant from the consequences of his failure to follow its provisions at once upon the Act becoming effective.

Findings—Request—When Too Late.
6. Under section 9369, Revised Codes of 1921, providing that a judgment shall not be reversed for want of findings unless request therefor shall have been made at the close of the argument, where findings were not requested until three days after argument—treating the expiration of the time within which to file memoranda of authorities as the close of the argument—the court did not err in failing to make findings.

---

[1] Chattel Mortgages, 11 C. J., sec. 322, p. 616, n. 73. Sales, 35 Cyc. p. 689, n. 65, 67.
[2] Chattel Mortgages, 11 C. J., sec. 189, p. 511, n. 82.
[3] Chattel Mortgages, 11 C. J., sec. 186, p. 509, n. 52.
[4, 5] Chattel Mortgages, 11 C. J., sec. 228, p. 540, n. 40, 41; sec. 322, p. 616, n. 73.
Constitutional Law, 12 C. J., sec. 387, p. 883, n. 98. Records, 34 Cyc., p. 615, n. 20.
Statutes, 36 Cyc., p. 1193, n. 12.
[6] Trial, 38 Cyc., p. 1954, n. 16, p. 1957, n. 33, 34; p. 1959, n. 47.

*Appeal from District Court, Missoula County; Theodore Lentz, Judge.*

ACTION by Caroline Doering against A. Clark Selby and others to foreclose a chattel mortgage and to recover damages for the conversion of the mortgaged property. Judgment for the plaintiff as against the named defendant and his wife, and dismissing the action as against defendant Fred Leavitt. From the latter portion of the judgment, plaintiff appeals. Affirmed.

*Mr. Charles N. Madeen,* for Appellant, submitted a brief and argued the cause orally.

*Mr. H. C. Packer,* for Respondents, submitted a brief and argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

On March 6, 1920, plaintiff, Caroline Doering, filed herein her complaint seeking the foreclosure of a certain chattel mortgage and for judgment against the defendants A. Clark Selby and Frances W. Selby, his wife, for the amount due on the note secured by such mortgage, and for judgment against the defendant Leavitt for damages for the conversion of certain property described in said mortgage. Personal service of summons was had on Leavitt and substituted service thereof upon the Selbys. The Selbys defaulted, and their default was duly entered. Leavitt filed an answer which is in effect a general denial of the allegations of the complaint.

The cause came on regularly for trial on the nineteenth day of December, 1924, when a jury was duly impaneled and sworn, and thereupon both parties introduced evidence and rested. At the close of all the evidence counsel for plaintiff orally moved the court to take the case from the jury, to make findings in favor of plaintiff on all issues in the case, and enter judgment for plaintiff accordingly. Thereupon counsel for defendant Leavitt moved the court for a directed verdict in favor of his client. By agreement of counsel the court then discharged the jury, and granted to plaintiff's counsel ten days from and after December 20, 1924, in which to file memorandum of authorities and to defendant's counsel a like period after receipt of plaintiff's brief in which to file his memorandum of authorities.

On January 13, 1925, plaintiff filed in said cause her requested findings of fact and conclusions of law. No such request was filed by defendant's counsel. On January 28, 1925, without reference to plaintiff's proposed findings, and without making findings of fact or conclusions of law, the court rendered and ordered entered its judgment which recites: "It is ordered that the plaintiff have judgment against the defendants A. Clark Selby and Frances W. Selby for the full amount

demanded in the complaint, to wit, $469.16 and costs. It is further ordered that the plaintiff take nothing as against the defendant Fred Leavitt and that as to said defendant the action is dismissed.'' From this judgment plaintiff has appealed, but attacks only that portion of the judgment dismissing the action as to Leavitt. Questions of law alone are presented.

The facts, briefly stated, are as follows: On May 19, 1919, Leavitt sold and delivered to A. Clark Selby a span of mules, together with a wagon and set of harness. Selby paid $50 in cash and gave to Leavitt his note for $350, payable in monthly installments, and as a part thereof agreed that title to the property should remain in the vendor until the purchase price was fully paid, and that, on default in the payment of any installment, the vendor could retake possession, and any and all payments theretofore made should be retained as rental of the property. The contract was not filed with the clerk and recorder of any county in the state.

On May 5, 1919, defendant Selby applied to plaintiff for a loan of $300, and offered the mules, with certain other chattels, as security. Plaintiff caused the records to be searched, and, finding nothing of record against the property, made the loan, taking the note of Selby and wife payable November 1, 1919, and a chattel mortgage on the property. Selby failed to surrender to the plaintiff a receipt for a correct copy of the mortgage, and the mortgage was presented to the clerk and recorder of Missoula county without such receipt attached but nevertheless accepted and filed by the clerk.

Selby thereafter defaulted in each monthly payment to Leavitt, and in July or August Leavitt took possession of the mules. Selby relinquished all claim on the mules, and returned the harness, with a promise to return the wagon. Later Leavitt sold the mules for $350. Selby also defaulted on his note to plaintiff, and, after the maturity of the note, plaintiff, through her agents, armed with a certified copy of the mortgage, made demand upon Leavitt for the possession of the mules. The demand was refused by Leavitt, who stated that

he claimed the mules as his own, and had already sold them as such, and this action resulted.

Plaintiff's assignments present the following contentions made by her counsel: That the court erred (1) in admitting the conditional sale contract in evidence; (2) in ignoring plaintiff's requested findings; and (3) in dismissing the action as to Leavitt.

1. As a witness in his own behalf, Leavitt testified, without [1] objection, that he sold Selby "a team, wagon and harness. * * * He [Selby] paid $50, and he said he would pay the balance monthly as it came due. At that time I took an instrument as evidence of his obligation." Counsel then offered the note containing a conditional sale contract, to which offer plaintiff objected on the ground that the contract was void as to her. The objection was overruled, and the contract admitted.

It is clear from the record that plaintiff was a *bona fide* mortgagee subsequent to the sale and prior to the filing of the instrument, and that, if her mortgage was entitled to filing, and was regularly filed, the contract was void as to her, and should have been excluded. (Sec. 7594, Rev. Codes 1921; *Cuerth* v. *Arbogast,* 48 Mont. 209, 136 Pac. 383.) But even in that event the contract was valid as between Leavitt and Selby. (*Hennessy Co.* v. *Wagner,* 69 Mont. 46, 220 Pac. 101; *Hodson* v. *O'Keeffe,* 71 Mont. 322, 229 Pac. 722.)

In determining the admissibility of the contract, it must be [2] remembered that, at the time it was offered in evidence, the plaintiff had already made her case, and as a part of her proof she had introduced her mortgage in evidence. She was proceeding against the mortgagors as well as Leavitt, and, as between her and the mortgagors, the mortgage was valid and admissible, even though it was not filed in the office of the clerk and recorder. (*Laubenheimer* v. *McDermott,* 5 Mont. 512, 6 Pac. 344; *Chester State Bank* v. *Minneapolis T. M. Co.,* 58 Mont. 44, 190 Pac. 136; *Degenhart* v. *Cartier,* 58 Mont. 245, 192 Pac. 259.) However, as against defendant Leavitt,

the plaintiff's proof must have established her right to recover as against him, before he was required to introduce any proof at all (sec. 10616, Rev. Codes 1921), and, if her mortgage had not been filed prior to the time when Leavitt took the mules into his possession, his right to do so would not have been affected by the mortgage.

While the mortgage was physically filed with the clerk and [3] recorder, it was lacking in one essential requisite to entitle it to be filed, in that there was not attached to it the mortgagors' receipt for a copy thereof. This requisite was added to the then existing requirements by an amendment to section 2 of Chapter 86, Laws of 1913, on March 10, 1919, now a part of section 8276, Revised Codes of 1921, and which reads as follows: "Every mortgagee must surrender without cost to the mortgagor, at the time of the execution of the mortgage, a correct copy of the original mortgage so signed, with acknowledgments shown thereon. And the mortgagor must surrender to the mortgagee a receipt, which shall be attached to the original mortgage, showing that the mortgagee has surrendered to him a copy of such mortgage, and said receipt must accompany the mortgage when presented to the clerk and recorded and filed therewith. Otherwise said mortgage shall not be filed as a chattel mortgage by the clerk and recorder." ·

This provision is mandatory, and its final clause leaves no room for doubt as to the intention of the legislature in adding it to the then existing requirements for the validity of a chattel mortgage. In decisions involving the interpretation of chattel mortgages "one principle is adhered to, and that is that the statutory requirements intended to protect the lien of the mortgagee on the mortgaged property against attaching creditors must be strictly followed." (*First Nat. Bank of Butte* v. *Beley*, 32 Mont. 291, 80 Pac. 256.)

A note to *People* v. *Burns*, (161 Mich. 169, 125 N. W. 740), at page 472 of 137 Am. St. Rep., expresses our views on the technical construction of such statutory requirements, to-wit:

"We have been, and hope to continue to be, among the first to deprecate the use of a bundle of red tape when an elastic band will serve the purpose, and in the consideration of rights *inter partes,* he who seeks to take advantage of some trifling departure from legal order should be properly viewed with a just suspicion of the merits of his cause. A different light, however, is cast upon these so-called technicalities, when the rights of others are involved, and chattel mortgages, nowadays the creatures of statute, are surrounded with certain and by no means improper formalities, the neglect of which serves as a veritable pitfall for the unwary and careless mortgagee. So many vital considerations turn upon the mortgaging of chattels left in the possession of the mortgagor that legislation for the distinguishing marks of a valid mortgage is as necessary as that particular form of negotiation is convenient." At page 486: "As a rule, there is no necessity for delivering a copy of the chattel mortgage to the mortgagor, but, where it is required by statute, it must be strictly complied with, and more especially where the statute directs that the fact of the copy being so delivered shall be written on the instrument filed above the mortgagor's signature"— citing *Commercial State Bank* v. *Interstate Elevator Co.,* 14 S. D. 276, 86 Am. St. Rep. 760, 85 N. W. 219; *Park* v. *Robinson,* 15 S. D. 551, 91 N. W. 344.

Plaintiff's mortgage was not entitled to record, and this **[4, 5]** fact appeared from the face thereof, and was a part of the plaintiff's case prior to the offer of Leavitt's conditional sale contract in evidence.

Plaintiff's counsel suggests that this oversight should be condoned by reason of the short time which had elapsed between the passage of the Act and the execution of the mortgage; but the legislature did not see fit to provide that the Act should take effect at some future time, but declared: "This Act shall take effect and be in full force from and after its passage and approval," and the courts are powerless

to relieve a litigant from his failure to do that which the legislature has declared he shall do at a time certain.

An instrument not entitled to record, though actually recorded, is of the same effect as to third persons as one unrecorded. (23 R. C. L. 204, and cases cited; notes, 9 Am. Dec. 254; 96 Am. Dec. 255; 5 Ann. Cas. 340.) It imparts no constructive notice whatever. (*Lee* v. *Laughery,* 55 Mont. 238, 175 Pac. 873.)

The rights of the plaintiff and defendant Leavitt were, then, in equipoise. Each held an instrument good as against defendant Selby, but void as to the other. It then became a question as to which party should first assert those rights as against Selby. The record discloses that defendant Leavitt acquired this advantage by securing possession of the property and the cancellation of the conditional sale contract by mutual agreement between himself and Selby, as well as by invoking the forfeiture clause therein, before the rights of the plaintiff attached, and therefore Leavitt showed a good defense to the plaintiff's action for conversion, and for this purpose the contract was properly admitted in evidence. This disposes of plaintiff's first and third contentions.

2. The record discloses that the evidence was closed on [6] December 20, 1924, and at that time the parties were granted up to and including January 10, 1925, for the filing of memoranda of authorities; but nothing was then said as to the filing of requested findings. Aside from the fact that the requested findings were contrary to the law as determined by the court, and that consequently the most the court could have done was to have rejected the proposed findings, section 9369, Revised Codes of 1921, provides that no "judgment shall be reversed on appeal for want of findings at the instance of any party who, at the close of the evidence and argument in the cause, shall not have requested findings in writing, and had such request entered in the minutes of the court." Plaintiff failed to bring herself within the requirements of the above section, even though we should consider the order grant-

ing time in which to file memoranda of authorities an extension of time for the closing of the argument. Nothing to the contrary appearing in the record, it must be presumed that the memoranda of authorities were duly filed on or before January 10, 1925, and the requested findings in writing were, therefore, filed three days after the close of the argument. No error was committed in failing to make findings.

For the reasons stated, the judgment is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES HOLLOWAY, GALEN and STARK concur.

Rehearing denied March 4, 1926.