In re GROGAN'S ESTATE. GROGAN et al., Appellants, *v.* BURKET, Administrator, et al., Respondents.

(No. 2,638.)

(Submitted March 16, 1909. Decided April 3, 1909.)

[100 Pac. 1044.]

*Executors and Administrators—Estates of Deceased Persons— Conveyances — Petition — Sufficiency — Tender—Findings— Conclusiveness.*

Executors and Administrators—Estates of Deceased Persons—Conveyances— Petition—Sufficiency.

1. A petition, filed pursuant to the provisions of section 7614, Revised Codes, for an order requiring an administrator to convey real property as per a contract entered into between decedent and petitioner, which set forth the contract at length and alleged an adequate consideration for it, was sufficient; it was not necessary that it contain all the essential averments of a bill in equity for the specific performance of a contract.

Same—Petition—Tender—When Unnecessary.

2. Petitioner having paid into the county treasury, for the use of the administrator, the last installment due on the contract above referred to, it was not necessary for him to make an actual tender of the balance still owing. The law does not require the doing of an idle thing.

Same—Petition not Premature.

3. Prior to the time the last installment on the above contract became due, litigation involving the lands arose and a suit was commenced by others in the United States circuit court. Thereupon decedent and petitioner entered into a supplemental agreement that final payment should not be made until said action was finally determined *in said court.* The contention that the petition to convey was premature, inasmuch as an appeal may have been taken from the decree of the circuit court, *held* without merit, since the determination "in said court" meant in the circuit court, and not on appeal.

Findings—Conclusiveness.

4. Where the evidence does not preponderate against the trial court's findings, they will not be disturbed on appeal.

*Appeal from District Court, Gallatin County; Frank Henry, Judge.*

In the Matter of the estate of Jesse H. Grogan, deceased. From an order allowing R. V. Spain's petition for an order directing W. B. Burket, administrator, to execute a deed to the former, Darius F. Grogan and another appeal. Affirmed.

*Mr. J. L. Staats,* and *Mr. M. J. Cavanaugh,* for Appellants.

*Messrs. Hartman & Hartman,* for Respondents.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On July 15, 1904, Jesse H. Grogan executed and delivered to R. V. Spain an instrument in writing, by the terms of which he sold to Spain four hundred acres of land, situated in Gallatin county, for $20,000, payable as follows: $7,000 cash, $3,000 on July 15, 1905, and $10,000 on July 15, 1906, with interest on deferred payments at six per cent per annum, payable annually. Prior to the time the last payment became due D. F. and Jones P. Grogan (these appellants) commenced a suit in the United States circuit court for the district of Montana, seeking to compel Jesse H. Grogan to convey the same land to them. On account of the pendency of this suit Jesse H. Grogan and Spain deemed it unwise to complete their transaction, and a supplemental agreement was entered into, by the terms of which it was agreed that the final payment should not be made by Spain "until said suit is finally determined in said court." Thereafter, and before the payment was in fact made, Jesse H. Grogan died, and in January, 1908, Spain presented to the district court of Gallatin county his verified petition, asking that the administrator of Jesse H. Grogan's estate in Gallatin county be directed to execute to him a deed for the property, upon his paying the final installment and interest. To this petition D. F. and Jones P. Grogan filed a written protest, as-

serting, as the grounds of their objections: (1) That at the time of making the contract of 1904 and the supplemental agreement Jesse H. Grogan was insane; and (2) that the consideration for the agreement is inadequate. Upon the trial there was not any evidence offered in support of the first objection. Evidence was offered upon the second ground of objection, but the court found that issue in favor of the petitioner, and directed the administrator to make proper conveyance. From this order the protestants appealed.

This proceeding was taken pursuant to section 7614, Revised Codes, which provides: "When a person who is bound by contract in writing to convey any real estate dies before making the conveyance, and in all cases when such decedent if living, might be compelled to make such conveyance, the court or judge may make an order authorizing and directing his executor or administrator to convey such real estate to the person entitled thereto." It is now earnestly contended by counsel for appellants that the petition must contain all the essential averments of a bill in equity for the specific performance of a contract, and reference is made to section 6103, Revised Codes, and it is contended that the allegations of the petition must avoid every negative statement contained in that section. This contention is not maintainable. In *Finlen* v. *Heinze*, 28 Mont. 548, 73 Pac. 123, this court had under consideration this same question, and, speaking of section 4417, Civil Code of 1895 (now section 6103, above), we said: "The evident meaning of this section is that any one of these subdivisions furnishes a defense to an action for specific performance. In other words, when specific performance is sought against a party, he may interpose any one of the defenses named above; and, if he can maintain it, he defeats the action. The burden of proof as to such defense is upon him who asserts it." In other words, if the petition shows a contract fair upon its face, and one the specific performance of which may be decreed, it is sufficient. Of course, if the contract falls within any of the classes mentioned in section 6102, it cannot be specifically enforced.

The petition in this instance sets forth the contract at length. It is a plain, simple contract for the conveyance of real estate. The petition alleges that the consideration for the contract is $20,000, and this is sufficient. In 20 Encyclopedia of Pleading and Practice, page 445, the rule is stated as follows: "It is necessary to allege and show to the court an adequate consideration for the performance of the contract. Where the contract is set out in the bill, and recites that it is executed for a valuable consideration, this is a sufficient allegation of such consideration."

The petition does not definitely tender the final installment with interest, but it does allege a readiness and willingness to make the payment, and only asks that the deed be ordered upon the petitioner's paying the amount with the interest due. The law does not require anyone to do an idle thing, and it would have been an idle ceremony for Spain to have tendered the final payment to the administrator, for the administrator could not have given a deed without an order of court. The very fact that Spain was dealing with an administrator is of itself sufficient to excuse an actual tender, when, as in this instance, it appears from the evidence that prior to the trial the money had been paid into the county treasury, for the use of the administrator. This, we think, was sufficient. It is true, as a general rule, that the party seeking performance must show performance of all the terms of the contract by him to be performed. In this instance the only acts to be performed by Spain consisted of his making the payments. He shows that he has already made the first and second payments, and was ready to make the final payment, so that in fact the petition does sufficiently show compliance on his part.

It is suggested that the application for a deed was prematurely made, in that an appeal may have been taken from the decree of the circuit court. In our opinion this supplemental agreement was intended merely for the benefit of Spain—not for the benefit of Jesse H. Grogan. Its purpose was to relieve Spain from making final payment while the property was involved in litigation; but, if Spain had seen fit to make such

payment and demand a deed, he would certainly have been entitled to it. But apparently this supplemental agreement does not contemplate a delay pending appeal, for it refers to the suit in the circuit court, and then provides: "Now it is hereby agreed that the final payment of $10,000 mentioned in said bond shall not be paid until said suit is finally determined *in said court.*" In either view we think demand for the deed was not premature.

The evidence touching the adequacy of the consideration is conflicting; that is to say, it consists of the opinions of different witnesses whose opinions differ, but we are not in a position to say that the evidence preponderates against the trial court's findings.

The order is affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.