SAINT ET AL., APPELLANTS, *v.* BEAL, RESPONDENT.

(No. 5,040.)

(Submitted January 29, 1923. Decided February 24, 1923.)

[213 Pac. 248.]

*Land Contracts — Vendor and Purchaser — Specific Performance — Right to Compel Mutual — Pleading and Practice — Complaint—Sufficiency—When Upheld.*

Pleading and Practice—Complaint—When Sufficiency Upheld.
    1. A complaint is sufficient as against a general demurrer or an objection to the admission of evidence, if its allegations warrant a recovery in any amount or upon any admissible theory.

Contracts—Specific Performance—Right to Compel Mutual.
    2. Under section 8715, Revised Codes of 1921, when either of the parties to an obligation is entitled to specific performance, the other party is also entitled to it, the remedy being mutual.

[66 Mont. 292.]

Same—Vendor and Purchaser—Specific Performance to Compel Payment of Balance of Purchase Price.

3. *Held*, under section 8715 above, that the vendor of land under a contract giving him the privilege to declare all of the deferred payments immediately due upon failure to make any one of them, may maintain an action against the vendee to compel specific performance of the contract on his part by paying the balance of the purchase price.

Written Contracts—Presumptive Evidence of Consideration.

4. A written instrument is presumptive evidence of a good and sufficient consideration, and the burden of showing a want of consideration sufficient to support it lies with the party seeking to invalidate it on that ground.

Same—Specific Performance — Written Land Contract—Consideration—Complaint—Sufficiency.

5. Where in an action by the vendor to compel the purchaser to specifically perform a land contract by payment of a balance due on the purchase price, the contract was attached to and made a part of the complaint, it was error to sustain an objection to the introduction of testimony on the ground that the complaint failed to allege an adequate consideration, the burden of showing a want of it having been upon defendant. (Par. 4, above.)

*Appeal from District Court, Sanders County; James M. Self, Judge.*

ACTION by James C. Saint and others against H. J. Beal. Judgment for defendant, and plaintiffs appeal. Reversed, and cause remanded.

Cause submitted on brief of Appellants.

*Mr. A. S. Ainsworth,* for Appellants.

MR. JUSTICE STARK delivered the opinion of the court.

The complaint in this action alleged that at all times therein mentioned plaintiffs were the owners of a certain described tract of land located in Sanders county, Montana; that on October 14, 1920, by a contract in writing, they agreed to sell and convey this land to the defendant for the sum of $6,000, and that the defendant agreed to purchase it and to pay said amount therefor in installments, to-wit, $500 at or before the execution of the contract, $500 on the first day of January, 1921, and the balance on specified dates until the whole amount was paid, and that all deferred payments should bear interest

at the rate of seven per cent per annum. The contract, a copy of which was attached to the complaint, contained this provision: ''And in case of the failure of said party of the second part to make either of the payments or interest thereon or any part thereof or perform any of the covenants on his part hereby made and entered into, then the whole of said payments and interests shall at the election of said first parties become immediately due and payable.'' It is further alleged: ''That defendant has failed to pay the sum of $500, which became due and payable on January 1, 1921, and although demand has been made upon him by the plaintiffs for the payment of said sum he has failed and refused, and still fails and refuses, to pay said sum, or any part thereof, and has declared his intention of not performing said contract,'' and that plaintiffs had elected to declare the entire balance of the purchase price and interest to be due; that there was due and unpaid from defendant the sum of $5,500, with interest thereon from October 14, 1920, at seven per cent per annum, which defendant refused to pay; that they were ready and willing to execute and deliver a good and sufficient deed for the premises to the defendant upon payment of the amount due, together with the costs of the action. The prayer was for $5,500, with interest thereon at seven per cent per annum from October 14, 1920.

The defendant filed an answer, admitting the execution of the contract, and alleged that at the time the contract was executed, and as a part of the same transaction wherein the defendant purchased the land and entered into the contract, the plaintiffs had made certain false and fraudulent representations to him with reference to the condition of the land and the barn located thereon, and ''that as soon as the defendant learned said fraud he demanded a return of said purchase money so paid to plaintiffs, and tendered and offered to return, and still offers to return, all that he had received under said contract and purchase, and to transfer and convey the same to the plaintiffs, and has rescinded and does rescind said contract,'' and demanded a return of the $500 paid, and other

relief. The allegations of fraud and misrepresentation set forth in the answer were put in issue by a reply.

The case came on for trial on January 27, 1922, and a jury was duly impaneled "as advisory to the court," whereupon the plaintiffs tendered in court and filed with the clerk a deed conveying the land in question to the defendant. When the plaintiffs sought to introduce testimony, the defendant interposed an objection thereto on the ground that the complaint did not state a cause of action, which objection was sustained. Thereupon the defendant dismissed his counterclaim, and judgment for costs was entered against the plaintiffs, from which judgment this appeal was taken.

If the allegations of a complaint warrant a recovery by [1] plaintiff in any amount and upon any admissible theory, it will withstand a general demurrer or an objection to the admission of evidence. (*Hurley* v. *Great Falls Baseball Assn.*, 59 Mont. 21, 195 Pac. 559.)

Plaintiffs state in their brief that this is a suit for the specific performance of a contract, and this theory apparently was adopted by the court at the beginning of the trial, as a jury was impaneled to try the issues "as advisory to the court."

The questions presented for consideration are: (1) Upon the breach of the contract by the defendant in failing to make the payments therein provided, had the plaintiffs a right to bring an action to compel him to specifically perform the contract; and, if so, (2) are the allegations of the complaint sufficient to entitle them to that relief?

1. Beyond question, if defendant had paid or tendered the [2, 3] full amount of the purchase price of the land he could have maintained an action to compel the plaintiffs to specifically perform the contract on their part by the execution and delivery of a deed to him. By the provisions of section 8715, Revised Codes of 1921, when either of the parties to an obligation is entitled to a specific performance thereof, the other party is also entitled to it.

In section 6 of Pomeroy's Treatise on the Specific Performance of Contracts, for the purpose of his discussion he classifies all contracts into three forms, the second of which is: "Where there is a promise to do or omit some act or acts on one side in consideration simply of a promise to pay or a payment of money on the other." Speaking of this class, he says: "It might be supposed from the general principles heretofore stated that only the party who is to receive the benefit of the acts or omissions promised by the other could resort to equity and enforce their specific performance according to the terms of the undertaking, while the party who is to receive the benefit of the money payment would be left to his legal remedy; the recovery of a money judgment in a common-law action. This supposition, however logical it may appear, is prevented by a well-established doctrine of equity, that the right to a specific performance, if it exists at all, is and necessarily must be mutual; in other words, it is and must be held to be capable of being enjoyed alike by both parties in every agreement to which the jurisdiction extends. As a familiar example, in the simplest form of contract for the sale of land when the vendor agrees to convey and the purchaser merely promises to pay a certain sum as the price, since the latter may by a suit in equity compel the execution and delivery of the deed, the former may also by a similar suit enforce the undertaking of the vendee, although the substantial part of his relief is the recovery of money."

In 25 R. C. L., p. 171, it is said: "According to the weight of authority the remedy by specific performance is mutual as between the vendor and vendee, and therefore the vendor may obtain in equity a decree of specific performance of a contract for the sale of land although he may have another remedy by action at law for the purchase money. (*Morgan* v. *Eaton,* 59 Fla. 562, 138 Am. St. Rep. 167, 52 South. 305; *Hodges* v. *Kowing,* 58 Conn. 12, 7 L. R. A. 87, 18 Atl. 579.)"

Under our statute, *supra,* and the foregoing authorities the plaintiffs were entitled under the conditions set forth in their

complaint to maintain an action to compel the defendant to specifically perform the contract on his part by paying the balance of the purchase price of the land.

2. The defendant's objections to the sufficiency of the com-
[4] plaint were numerous, but since he has not appeared in this court to sustain them by argument or authority, we feel justified in accepting the plaintiffs' statement that his principal contentions in the trial court, and the ones upon which the court relied in sustaining the objection to the introduction of testimony, were that the complaint failed to allege an adequate consideration for the contract entered into, and that as to the defendant the contract was just and reasonable, and, therefore, specific performance could not be enforced under the provisions of section 8721 of the Revised Codes of 1921, which provides that specific performance of a contract cannot be enforced against a party to a contract if he has not received an adequate consideration for the contract, or if it is not, as to him, just and reasonable.

These contentions cannot be maintained. The contract upon
[5] which the action was based was attached to and made a part of the complaint. By the provisions of sections 10606, 7512 and 7513, Revised Codes of 1921, a written instrument is presumptive evidence of a good and sufficient consideration, and the burden of showing a want of consideration sufficient to support an instrument lies with the party seeking to invalidate it.

Speaking of section 4417 of the Codes of 1895, which is identical with section 8721, *supra,* in the case of *Finlen* v. *Heinze,* 28 Mont. 548, 73 Pac. 123, this court said: "The evident meaning of this section is that any one of the subdivisions furnishes a defense to an action for specific performance. In other words, when specific performance is sought against a party he may interpose any one of the defenses named above, and if he can maintain it, he defeats the action. The burden as to such defense is upon him who asserts it." (See, also, *In re Grogan's Estate,* 38 Mont. 540, 100 Pac. 1044;

*Babcock* v. *Engel,* 58 Mont. 597, 194 Pac. 137.) Under these authorities the complaint was not vulnerable to the attack made upon it, and the court erred in its ruling upon the objection to the introduction of testimony.

The judgment appealed from is reversed, and the cause remanded to the district court of Sanders county.

*Reversed and remanded.*

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES COOPER, HOLLOWAY and GALEN concur.