## Gatewood v. Commonwealth.

(Decided June 25, 1926.)

### Appeal from Owen Circuit Court.

1. Indictment and Information—In Indictment for Perjury, Word "Willfully" Need Not be Used if Other Words are Used which Supply Same Meaning.—Although indictment for perjury must accuse defendant of "willfully" giving false evidence, or use some other words of like import, the word "willfully" need not be employed if other words are used which supply the same meaning.

2. Words and Phrases.—"Willfully" means intentional or inclined or favorably disposed in mind, desirous, ready to act, or by design.

3. Criminal Law—Defining "Felonious," as Used in Instruction in Prosecution for Perjury, as Meaning Deliberate or. Well-Formed Intent to do Act Known to be Wrong, Held Not Prejudicial, when Considered with Other Averments in Indictment.—Defining word "felonious," as used in instructions in prosecution for perjury, as meaning deliberate or well-formed intent on part of defendant to do act known to be wrong, held not prejudicial, when considered .in connection with other averments in indictment making plain what was meant.

4. Words and Phrases.—"Felonious" means proceeding from an evil heart or purpose or done with deliberate purpose to commit a crime.

5. Indictment and Information.—Indictment for perjury held not insufficient because of failure to use word "willfully," where it used words "feloniously, falsely, or corruptly," as "felonious" includes and describes willful act.

6. Criminal Law.—That counsel for defendant charged with perjury was not feeling well, or was suffering from a cold, held not sufficient .showing for continuance, particularly when he had assistance of other competent counsel.

7. Perjury—Instruction Following Language of Indictment which Omitted Word "Willfully" Held Not Error.—Where indictment for perjury alleged that false testimony was given "feloniously, falsely, and corruptly" instead of "willfully," instructions, which followed wording of indictment were not erroneous.

8. Perjury.—Evidence in prosecution for perjury held to create issue of fact for jury.

9. Criminal Law.—Directed verdict was properly denied, where there was evidence tending to establish defendant's guilt.

10. Criminal Law.—Admission on trial for perjury of petition in civil suit in which alleged false testimony was given held not prejudicial to defendant's substantial rights, especially where it contained nothing not otherwise shown.

J. L. W. SLAUGHTER and W. A. LEE for appellant.

FRANK E. DAUGHERTY, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

Appellant, Gatewood, complains of a judgment of conviction on an indictment for perjury, and assigns what he terms several grounds for its reversal. The indictment, he says, was demurrable, and that the court erred in overruling his demurrer. The complaint is based upon the failure of the indictment to allege that the false oath was "willfully" made and done by him. The indictment does not employ the word "willfully" but uses the words "feloniously, falsely and corruptly," which the Commonwealth insists are sufficient to cover and embrace the word "willfully." We think appellant is correct in his contention that an indictment for perjury must accuse the defendant of "willfully" giving false evidence, or use some other word or words of like import, such as "intentional" or "purposely," meaning the same as "willfully," but we do not think the word "willfully" must be employed in every indictment for perjury in order to make it good, provided another word or words are used in the indictment that supply the meaning which the word "willful" or "willfully" would give were they employed.

Webster's International Dictionary defines "wilfully" as "inclined or favorably disposed in mind; desirous, ready to act, prompt to do, give, grant." According to Bouvier the word "wilfully" means intentional. Northern Ry. Co. of France v. Carpenter (N. Y.), 13 How. Prac. 222, 223.

The word "wilfully" is defined by Webster to mean "in a wilful manner; obstinately; stubbornly; by design; with set purpose." Whitt v. State, 22 N. W. 459, 17 Neb. 224; Chicago & St. Louis & P. R. Co. v. Nash, 27 N. E. 564, 565.

In the case of Burnett v. Commonwealth, 172 Ky. 398, this court held that the word "wilfully" was not necessary in an indictment for murder where the indictment alleged that the killing was done "unlawfully, maliciously, feloniously and with malice aforethought." So also in the case of Lissenbee v. Commonwealth, 198 Ky. 639, it was held that an indictment for robbery need not employ the word "wilfully" in addition to the words "unlawfully and feloniously," since the words "unlawfully" and "feloniously" clearly import a wilful act. It was said in Ross v. Commonwealth, 10 Ky. L. R. 558, that it was unnecessary to use the word "wilfully" in the indictment for murder since the charge of murder embraces it, all murder being wilful. We have defined the word "wilfully" as intentional, hence it would follow that any word or phrase which means the same as "wilfully" or "intentional" may be employed in an indictment in the place of the word "wilful" or "wilfully." Combs v. Commonwealth, 112 S. W. 658; Clark v. Commonwealth, 111 Ky. 443.

The trial court defined the word "felonious," as used in the instructions, as meaning a deliberate or well formed intent on the part of the defendant to do an act known by him to be wrong. This definition must be considered in connection with the other averments in the indictment, making plain what was meant, and could not have been prejudicial to the defendant. The common definition of the word is, "proceeding from an evil heart or purpose; done with a deliberate purpose to commit a crime." Hocker v. Commonwealth, 70 S. W. 291.

It has been held by the federal courts that the word "wilfully," as used in relation to the offense of perjury, means with design, with some deliberation, and as so construed, is not the same as "corruptly," which means viciously or wickedly. The word "felonious" means and includes all the word "wilfully" imports, and in addition other elements of crime which constitute felony, and the word "feloniously" means proceeding from an evil heart or purpose, done with a deliberate intention of committing a crime. Bouvier adds, "that the word as used in an indictment is equivalent to 'purposely' or 'unlawfully.'" We, therefore, conclude that the indictment was good for the crime of perjury although it did not employ the word "wilfully" in connection with making the false oath, but employed the word "felonious," which includes and describes a wilful act.

2. Appellant next insists that he was entitled to a continuance of his case because of the illness of counsel. When the case was called for trial W. A. Lee, attorney for appellant, moved the court for a continuance on the ground that he, as counsel for the appellant, could not properly present his case owing to his indisposition. In support of this motion appellant filed the affidavit of W. A. Lee, in substance saying that Lee had been employed by appellant to represent him in the case and caused subpoenas to be issued for witnesses and preparation made for trial, but that on account of "illness, cold and otherwise not well, he is not able to make the proper defense for the defendant on such a serious charge as felony." The record shows that Attorney Lee assisted in the trial of the case and cross-examined some of the witnesses offered by the Commonwealth, and examined some of the witnesses for the defendant. He was assisted in the trial by Mr. Slaughter, residing in Owenton, a lawyer of much experience in the trial of criminal cases. The mere fact that counsel was not feeling well or was suffering from cold, does not appear to have been a sufficient showing for a continuance of appellant's case, especially when he had the assistance of other competent counsel, and the court did not err in overruling appellant's motion for continuance.

Appellant insists that instructions Nos. 1 and 2 were erroneous because they omitted the word "wilful," as did the indictment, and the argument is much the same. The instructions which followed the wording of the indictment were not erroneous for the same reason that the indictment was not subject to demurrer. Nor was appellant entitled to a directed verdict in his favor. The Commonwealth introduced much evidence tending to show that he produced and caused to be produced on the farm which he had rented a large amount of tobacco, some of which he marketed through the pool, and the balance of which he sold on the open market in violation of his agreement as to membership of the tobacco pool, and testified that he had not so marketed any part of his tobacco, when in truth and in fact he had done so. He testified and called other witnesses to support him that he did not market any of his crop outside of the pool, thus making an issue of fact properly triable by a jury; it was a question of fact. As there was evidence tending to establish the guilt of appellant of the crime of perjury, it would have

been an invasion by the trial court of the province of the jury had it sustained appellant's motion for a directed verdict.

Appellant also assailed the ruling of the court in allowing the Commonwealth to introduce the petition filed in the civil suit of the Burley Tobacco Growers' Co-operative Association v. Gatewood for the recovery of five cents per pound penalty for the sale of tobacco outside of the pool, in which case it is charged appellant swore falsely in the Owen circuit court at the time appellant was sworn and gave the evidence which is now charged to have been untrue. Appellant introduced the answer, denying the material averments of the petition and pleading affirmatively that he did not violate the terms of the pool agreement, thus showing the issues in the case in which appellant is charged to have testified falsely. All this better enables the jury to understand the questions involved and was not prejudicial to the substantial rights of appellant. In fact, the petition did not contain anything which the jury did not hear from other witnesses.

No substantial reason being shown by appellant why the judgment should be reversed, it is affirmed.