HERD, APPELLANT, *v.* FREEMAN ET AL., RESPONDENTS.

(No. 6,393.)

(Submitted January 8, 1929. Decided January 26, 1929.)

[273 Pac. 1047.]

*John Nisbet* and *Mr. E. K. Cheadle, Jr.,* for Appellant, submitted a brief; *Mr. Nisbet* argued the cause orally.

*Messrs. Molumby, Busha & Greenan,* and *Messrs. Foot, Mac-Donald & Black,* for Respondents, submitted a brief, *Mr. L. J. Molumby* argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This is an action in claim and delivery instituted by the plaintiff to recover from the defendants certain described oil well drilling machinery, tools and equipment, or the sum of $4,000 alleged to be their reasonable value. By their answer

the defendants admit that they claim to be the owners of the property and plaintiff's demand for possession of the same, but deny all other allegations of the complaint, and ask judgment for the return of the property to them, or if its return cannot be had that they be awarded $8,000, alleged to be the value of the property. Upon these pleadings the case was brought on for trial before a jury which returned a verdict in favor of the defendants, finding them entitled to the return of the property in dispute or the sum of $6,000, the value thereof, together with damages in the sum of one dollar. The court entered judgment in accordance with the verdict, denied plaintiff's motion made for a new trial, and in consequence the plaintiff has appealed from the judgment.

The defendants claim possession and right of possession of the property under a chattel mortgage, and the plaintiff's assignments of error are based upon the rulings of the court in admitting evidence respecting such mortgage.

It appears that on the twenty-fourth day of August, 1925, the plaintiff was the owner and in possession of the property and that on that date he entered into an agreement in writing with the Red Top Oil & Gas Company, by the terms of which he agreed to sell and that company agreed to buy the property for the sum of $6,000 upon deferred payments with provision "that title to the said tools and equipment shall remain in the party of the first part [the plaintiff] until final payment is made." This agreement was acknowledged on April 7, 1927, by the plaintiff and was on that date filed for record in the office of the county clerk of Toole county. The plaintiff has been paid on the contract the sum of $5,000. On February 11, 1927, the Red Top Oil & Gas Company was indebted to the defendants for well drilling in the sum of $6,000, in settlement of which that company executed a chattel mortgage on that date, covering the property in controversy as security for the payment of such indebtedness. And after the execution of the mortgage the defendants re-

mained in possession of the property until it was taken from them by the sheriff, when this action was instituted.

If evidence concerning the chattel mortgage upon which the defendants predicate their claim to the property was properly admitted, it is manifest that the verdict is amply supported. The chattel mortgage was filed for record before the conditional sales contract, and there is direct conflict in the evidence as to whether the defendants were advised of the existence of the conditional sales contract, yet that issue was determined by the jury under proper instructions by the court.

The mortgage was not acknowledged but there is appended to it a proper affidavit of good faith by the mortgagor. As to the mortgagees, defendants in this action, the affidavit of good faith was made by the defendants C. J. Freeman and J. Elam and by W. M. Black as attorney for W. E. Freeman. In such condition it was filed for record February 14, 1927. Defendants attempted summary foreclosure of the mortgage under its provisions, and now base their claim to the property under such foreclosure.

The court instructed the jury: "You are instructed that there is no dispute in the evidence that a Conditional Sales Contract existed at the time of the giving of the mortgage in question, and that such Conditional Sales Contract reserved title to the property in question to the plaintiff. You are further instructed that there is no dispute in the evidence but that a mortgage was given by the Red Top Oil & Gas Co., a corporation, to the defendants for the amount of $6,000.00 on or about the 11th day of February, 1927, and that the Conditional Sales Contract was not filed for record with the county clerk and recorder of Toole county, Montana, until April 7th, 1927. And, that if you find from the evidence that such mortgage was taken by the defendants without actual knowledge of the existence of the Conditional Contract of Sale above referred to, then, you must find for the defendants and against the plaintiff. You are instructed

that any filing for record of the Conditional Sales Contract in question after the defendants had taken a mortgage on the property in question, would not in any wise affect the rights of the defendants under their mortgage, even though their mortgage were not filed for record as required by law, and even though such mortgage was informally executed so that it was not entitled to record. You are instructed that defendants' Exhibit 1, admitted in evidence on the undisputed evidence of this case, constituted a mortgage good and valid as to all the parties to this action at the time it was given, provided that the same was given without actual knowledge on the part of the defendants of the existence of the contract of Conditional Sale claimed by the plaintiff in this case and which was in existence at the time of the giving of the mortgage in question; and that for the purpose of this case the same was not required to be placed of public record.''

These instructions were by the court given without objection or exception on the plaintiff's part and are not challenged on this appeal. Whether right or wrong they constitute the law of the case, and in consequence of having been followed by the jury the verdict will not be disturbed. The evidence admitted over the plaintiff's objection respecting the chattel mortgage upon which the defendants predicate their claim of right to the property was properly admitted in evidence. It was a good, valid and binding contract as between the parties, though not regularly filed for record (*Doering* v. *Selby*, 75 Mont. 416, 244 Pac. 485), and their right to the property based thereon is good as against the plaintiff, since there was nothing of record to advise the defendants that the property then in the possession of the Red Top Oil & Gas Company had not been fully paid for.

By statute it is required that ''all contracts, notes, and instruments for the transfer or sale of personal property, where the title is stipulated to remain in the vendor until the payment of the purchase price, or some part thereof, shall be in writing, and the original or true copy thereof, certified

by the county clerk and recorder, shall be filed with the county clerk and recorder of the county wherein said personal property was situated at the time of the execution of said contract, note or other instrument for the transfer or sale of said personal property, if the vendee resides without said county, the original or a certified copy thereof shall be filed in the county where the vendee resides, otherwise, any such contract, note, or instrument is void as to bona fide purchasers, mortgagees, or attaching creditors of such property prior to such filing.'' (Sec. 7594, Rev. Codes 1921, as amended by Chapter 145, Laws of 1925.)

This statute effectually determines the right of the parties in this case. Plaintiff's conditional sale contract was not placed of record until after the mortgage of the property had been executed and is in consequence void as to the defendants, unless they took the mortgage with knowledge of its existence.

The jury has determined that issue in defendants' favor, and accordingly the judgment is affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES MATTHEWS, FORD and ANGSTMAN concur.