GARRY, TRUSTEE, RESPONDENT, *v.* MUSSELSHELL MER-
CANTILE CO. ET AL., DEFENDANTS; POPOVICH ET AL.,
APPELLANTS.

(No. 7,194.)

(Submitted March 9, 1934.  Decided April 3, 1934.)

[31 Pac. (2d) 293.]

Mr. *F. W. Mettler* and Mr. *F. V. Watts,* for Appellants, submitted an original and a reply brief; Mr. *C. F. Morris,* of Counsel, argued the cause orally.

Mr. *W. W. Mercer,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

This is an appeal by Musselshell county and John J. Popovich, its sheriff, from a judgment foreclosing the mortgage

provisions of a deed of trust executed by Musselshell Mercantile Company, hereafter called the company, to William M. Ulm, as trustee, and a supplemental trust deed executed by the company to Ulm's successor as trustee, W. F. Garry.

The original trust deed was executed on March 6. 1922, in furtherance of a design of the company to create a bonded indebtedness not exceeding $30,000, for the purpose of providing funds for the payment of outstanding indebtedness of the company, and for the expansion of its holdings and business. The provisions of the trust deed authorized the issuance of "first mortgage, ten year, eight per cent gold coupon bonds," not exceeding in the aggregate $30,000, and to secure the payment of the same the company sought to convey particularly and comprehensively all its real and personal property. Provisions were made for the sale of the bonds and the payments of interest thereon, and for a foreclosure of the mortgage upon the happening of specified contingencies.

It will not be worth while to mention the many provisions of that lengthy document, the trust deed. The document was executed by the company through its president and secretary, and by Ulm as trustee, and duly acknowledged. An affidavit similar to that which is required to be affixed to a chattel mortgage was sworn to by the president of the company. On January 21, 1923, the document was filed for record in the office of the county clerk of Musselshell county.

Thereafter Mr. Ulm died, and W. F. Garry, pursuant to the provisions of the deed, was elected trustee in his stead. On January 21, 1929, the company executed and delivered to Garry, trustee, a document designated by the parties a supplemental trust deed; therein was recited the execution and delivery of the original trust deed and that certain bonds issued thereunder were outstanding and unpaid, etc.; that the company desired to make certain of the provisions of the original deed more specific, definite and clear in their meaning, but did not intend to deprive, decrease or diminish in any way any security, right or privilege which any of the bondholders

might have. Thereby the company conveyed to Garry, as trustee, the same real property described in the original deed, using the same general descriptive terms. The description of the personal property was extended to include "all stocks of goods, wares and merchandise, including all replacements and additions thereto," and the company was authorized to sell from the stock of goods, wares, and merchandise located in its store at Musselshell under a provision reading as follows: "For retail prices to the regular and other customers in the usual and general way of business for cash or not to exceed thirty day credit to responsible parties, but the company shall keep accounts of such sales, and each day shall either deliver to the trustee in person or deposit to his credit in a bank of his selection the proceeds of such sales to apply on the said indebtedness, retaining in the said store sufficient of such proceeds as is necessary to pay current bills and expenses of carrying on said business, and for making change." Further provisions were that the company on or before the 15th of each month should account to the trustee for all sales and collections made during the previous month, and pay over to the trustee at such times of accounting the proceeds of all such sales and collections to apply toward the payment of the indebtedness secured by the deed of trust after deducting the actual and necessary expenses of carrying on the business, including expenses for employed help and labor to conduct the same, and after deducting enough to pay bills falling due for purchases to replenish the stock. Further details are omitted.

This document was signed by the company through its vice-president and secretary, who acknowledged the execution of the document in regular form. The trustee did likewise. In addition, the vice-president of the company and the trustee severally made affidavit "that the said deed of trust is made in good faith to secure the amount named therein, and without any design to hinder, delay or defraud creditors," and the company, by its secretary, acknowledged the receipt of "a full, true and correct copy of the foregoing deed of trust." On January 26, 1929, the supplemental trust deed was filed for

record in the office of the county clerk of Musselshell county, and thereafter was spread of record in Book 97, at page 560.

On November ·28, 1930, Garry, as trustee, filed in the district court of Musselshell county a complaint asking for the foreclosure of the two trust deeds. He named as defendants the company, several creditors of the company, John J. Popovich, as sheriff, and Musselshell county. The complaint sets forth, among other things, that bonds to the extent of $30,000 were issued subsequent to the execution and delivery of the original trust deed, and that at the time of filing the complaint there was due the owners of the bonds, exclusive of interest, over $27,000; and that more than fifty-one per cent. of the holders of the bonds, in accordance with the terms and provisions of the trust deed, had requested the plaintiff to foreclose upon such property of the company as had not otherwise been disposed of, and particularly upon a stock of goods, wares and merchandise and store fixtures located at Musselshell, Montana.

By answer the defendants admitted making the original trust deed and that the same was filed for record, and admitted that the company attempted to execute the supplemental deed to Garry; admitted that bonds were issued to various persons, but alleged that such were issued without consideration and for the purpose of hindering, delaying and defrauding creditors; and alleged that attachments had been levied by the sheriff upon the property of the company. Except as to the allegations that the county's attachment was for the rent of the building occupied by the company, and respecting the ownership of the real property hereinafter mentioned, the affirmative defenses, which were denied, are reflected in the specifications in aid of the assignment of errors presently to be considered. It was alleged that Musselshell county is the true and lawful owner of the real estate described in the trust deed.

It appears from the record that the bases of the claims of the two appellants, so far as the personal property is involved, are founded upon writs of attachment, levied by the sheriff in the latter part of September, 1930.

The court found in favor of the plaintiff trustee, ordering judgment in his favor against the Musselshell Mercantile Company for over $50,000 and costs; determined that plaintiff's lien upon the personal property was superior to the claims of defendants, and ordered the sheriff to sell the same to satisfy plaintiff's judgment.

The appellants' assignments of error are to the effect that the original deed of trust was void as to attaching creditors, because (a) it was not filed (although it was recorded) in the office of the county clerk; (b) it does not contain an accurate or concise description of the property sought to be mortgaged; (c) it does not contain an affidavit of good faith on part of the mortgagee (the trustee); (d) it does not contain an acknowledgment of the receipt of the trust deed by the mortgagor (the company); (e) it shows upon its face that "the lien has expired by limitation, to-wit, the expiration of two years and sixty days without renewal." The same points are made generally as to the supplemental trust deed.

As to the original trust deed, none of these assignments ▮▮▮▮ have any merit here. It was valid as between the parties thereto. (*Doering* v. *Selby*, 75 Mont. 416, 244 Pac. 485; *Herd* v. *Freeman*, 84 Mont. 32, 273 Pac. 1047.) The supplemental trust deed was valid between the parties and as to the defendants. It secured the payment of the indebtedness created under the original trust deed, which was a valid pre-existing indebtedness—a valid consideration for a chattel mortgage. (*Hackney* v. *Birely*, 67 Mont. 155, 215 Pac. 642; *First State Bank* v. *Mussigbrod*, 83 Mont. 68, 271 Pac. 695.)

The supplemental trust deed was properly executed by the parties, including the affidavit required by section 8273, Revised Codes 1921, as amended by Chapter 39, Laws of 1927. (*Standard Oil Company of California* v. *Idaho Community Oil Co.*, 95 Mont. 412, 27 Pac. (2d) 173.) The document was entitled to be recorded, and, being governed by the laws relating to deeds of trust of real property, it was not necessary to file it as a chattel mortgage. (Sec. 8273, as amended by Chapter 39, Laws 1927.)

The description of the personal property in the supplemental deed was sufficient and the provisions respecting the sale and disposition of the proceeds thereof, and the replenishment of the stock of goods, and so forth, were valid. In this respect, the document follows closely the law as laid down in *Noyes* v. *Ross,* 23 Mont. 425, 59 Pac. 367, 75 Am. St. Rep. 543, 47 L. R. A. 400. (Compare *Chicago Title & Trust Co.* v. *O'Marr,* 18 Mont. 568, 46 Pac. 809; *Bell-Wayland Co.* v. *Miller-Mitscher Co.,* 39 Okl. 4, 130 Pac. 593, Ann. Cas. 1915D, 780; *Conkling* v. *Shelley,* 28 N. Y. 360, 84 Am. Dec. 349.) Moreover, "as between the parties to the mortgage, a description of the property is sufficient if it so identifies the chattels that the mortgagee may say, with a reasonable degree of certainty, what property is subject to his lien. (11 C. J. 456; *O'Brien* v. *Miller,* (C. C.) 117 Fed. 1000; *Longerdeam* v. *Huston,* 20 S. D. 254, 105 N. W. 743.)" (*Moore* v. *Crittenden,* 62 Mont. 309, 104 Pac. 1035, 1036.)

We have seen that the supplemental trust deed was executed, delivered and placed of record before the appellants asserted any rights to the property involved, and long before the writs of attachment were issued. So far as the record discloses, when the instrument was filed for record, there were no creditors of the company except bondholders. If there were any other creditors, they did not have any lien upon the property.

The court held correctly that the plaintiff's lien was superior to that of the several defendants, including those who are appellants here.

There was not any contention at the trial respecting the real estate to which Musselshell county has title by tax deed, although the defendants requested a finding, which the court did not make, that at the time of the commencement of plaintiff's action Musselshell county was the owner of lots 13, 14, 15, 16, 17 and 18, in block 12, in the town of Musselshell, together with a one-story frame store building situated thereon, together with the appurtenances. While the appellants do not assign as error the failure of the court to find in that par-

ticular, their counsel argue in the brief that Musselshell county is entitled to have removed the cloud upon its title to the real estate. With this we agree.

The judgment so far as it affects the personal property is affirmed, but the cause is remanded to the district court of Musselshell county, with directions to modify the judgment in order that, as against the plaintiff and the company, the title to the above-described real estate may be quieted in Musselshell county. The respondent shall recover his costs upon this appeal.

ASSOCIATE JUSTICES ANGSTMAN, MATTHEWS and STEWART concur.

MR. JUSTICE ANDERSON, having been of counsel in this cause, is disqualified and takes no part in the foregoing decision.