ROSELIP *v.* GREAT ATLANTIC & PACIFIC TEA CO.

1. MASTER AND SERVANT—SAFE PLACE TO WORK.

   Six-inch board placed in slanting position between platform and refrigerator to prevent tripping under edge of board platform, raised about four inches from cement floor, which platform did not extend to refrigerator, *held,* not to create an unsafe place to work for meat cutter and manager of meat market in his action against employer for hernia sustained when he slipped on the slanting edge of the platform while carrying a 40-pound piece of meat to the refrigerator.

2. SAME — BURDEN OF PROOF — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE—ASSUMPTION OF RISK.

   Employee suing employer which had not elected to operate under the workmen's compensation act has burden of establishing actionable negligence of employer although latter may not advance common-law defenses of contributory negligence and assumption of risk (2 Comp. Laws 1929, § 8407).

Appeal from Wayne; Webster (Arthur), J. Submitted June 12, 1935. (Docket No. 110, Calendar No. 38,374.) Decided September 9, 1935.

Case by Edwin J. Roselip against The Great Atlantic & Pacific Tea Company, a New Jersey corporation, for personal injuries sustained due to alleged negligent construction of a platform. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Berger & Manason,* for plaintiff.

*Charles R. Fox* (*Alfred Lindbloom,* of counsel), for defendant.

WIEST, J.   Plaintiff was manager and meat cutter in defendant's local store at Royal Oak.   The store had a cement floor but back of the counter was a board platform, raised about four inches above the cement floor and upon which plaintiff worked.   The board platform did not extend to the refrigerator and where it ended a six-inch board was placed in a slanting position to prevent tripping under the edge of the platform.   Plaintiff had worked there for several months and, in July, 1931, while carrying a 40-pound loin of beef to the refrigerator, he slipped on the slanting edge of the platform and claims he sustained a hernia, and brought this common-law action to recover damages, defendant not having elected to operate under the workmen's compensation act.   The court directed a verdict for defendant and plaintiff prosecutes this review.

Plaintiff claims that the board covering of the cement floor should have extended to the refrigerator or, at least, the four-inch drop should have been made less sharp.

The test is whether the platform, as constructed, constituted negligence in that it did not accord plaintiff a reasonably safe place in which to work.   The platform, as constructed and maintained, cannot be held to have been unsafe without placing many other steps from one level to another under like condemnation.   Such drops are common in public walks, especially at street crossings, are to be found in stores and private residences and entrances thereto, and are not to be classed as violative of reasonable safety. People stumble and fall on ordinary stairways.

Defendant, not having elected to operate under the workmen's compensation act (2 Comp. Laws 1929, § 8407), could not make the defenses of contributory negligence and assumption of risk.   But that statute

only takes from defendant, *if guilty of actionable negligence,* the mentioned common-law defenses, and does not, in any degree, relieve plaintiff from the burden of establishing actionable negligence. *Horn* v. *Parke, Davis & Co.,* 215 Mich. 578.

Plaintiff failed to establish actionable negligence and the judgment is affirmed, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.