CHANCELLOR, Respondent, *v.* HINES MOTOR SUPPLY
CO., Appellant.

(No. 7,612.)

(Submitted April 27, 1937.   Decided June 4, 1937.)

[69 Pac. (2d) 597.]

*Messrs. Murch & Wuerthner,* for Appellant, submitted a brief; *Mr. Julius J. Wuerthner* argued the cause orally.

*Messrs. Cooper, Stephenson & Glover,* for Respondent, submitted a brief; *Mr. R. H. Glover* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an action for damages for personal injuries alleged to have been sustained by the plaintiff, an automobile mechanic, while in the employ of the defendant at its branch establishment in Great Falls, Montana.

The defendant is a Montana corporation operating a number of establishments in the state, handling automobile parts, with

its principal place of business at Billings. In some of the branch houses a machine shop is conducted in connection with the other business, and in the Great Falls shop the plaintiff was employed to operate a certain power-driven brake drum lathe which "was designed and used for the purpose of rounding brake drums on automobile wheels." The lathe was driven by electric power. It is alleged, in substance, that the plaintiff was employed by the defendant to operate the brake drum lathe in defendant's Great Falls shop and to do other work upon and around the premises in the line of his employment, and that on October 17, 1934, while operating such lathe in the course of his employment, he leaned over to touch the cutter bit of the lathe with his finger to test its temperature. In performing this act his clothing on the left arm caught on the rough edge of the brake drum, pulled his left hand and arm into the revolving machine, and mangled and crushed his hand and fingers and tore the flesh from the bone, resulting in the loss of one finger near the second joint and the stiffening of another, and seriously impairing the use of the hand and causing extreme pain and suffering. It is further alleged that plaintiff continues to suffer as the result of such injuries. When caught in the machine plaintiff cried for help, but the lathe was in an isolated part of the building and no one came to his aid. It is alleged that defendant failed to furnish plaintiff a safe place to work or safe tools and appliances to work with; that the stop switch of the motor being negligently placed it could not be reached by one in plaintiff's position when so caught; that plaintiff's efficiency in his trade as a skilled mechanic was greatly impaired by the injury to his fingers and hand; that prior to the accident plaintiff had commanded a salary ranging from $125 to $200 per month, whereas thereafter he was handicapped, was slow in his work, and by reason of the impaired usefulness of the hand it will be difficult for plaintiff to secure employment in competition with able-bodied men. It is further alleged that defendant had not elected to be bound by the provisions of the Workmen's Compensation Act and had failed to comply with any of the provisions thereof.

Defendant's demurrer to the complaint was overruled. The answer admits the corporate existence of the defendant, the employment of the plaintiff, its failure to elect to come under the provisions of the Workmen's Compensation Act, that the lathe was in the rear of its place of business but was installed there by the plaintiff, and denied all allegations of the complaint relating to the defendant's negligence. It alleges that plaintiff's injuries arose from his own willful and negligent act in placing his finger on the cutter bit; that the lathe is of standard make and the cut-off switch conveniently located; that if the plaintiff had cried out other employees were close by and would have gone to his aid, and that he, since the accident, has been employed at approximately his usual wage.

By separate defense and cross-complaint it is alleged, in substance, that the act of the plaintiff in placing his finger upon the cutter bit was unnecessary and a willful and foolhardy act; that after the accident defendant agreed to continue plaintiff's wages during the period of recovery and to pay his medical and hospital expenses, which agreement defendant has kept and performed, and in that behalf paid and expended $983.80, but that upon recovery the plaintiff refused to return to defendant's employ. All of the material allegations of the separate defense and cross-complaint were denied by the reply. When the matter came on for hearing, defendant's objection to the introduction of any evidence was overruled.

The cause was heard by the court sitting with a jury. Oral and documentary evidence was received; instructions were settled and given, and a verdict was returned in favor of the plaintiff, fixing his damages at $3,500, later reduced to $3,000, with costs, and judgment was duly entered thereon. The matter comes here on appeal from the judgment.

Thirty-three specifications of error are assigned. We are of the opinion, however, that the merits of the controversy turn upon the question of defendant's negligence.

This action involves the construction of certain sections of the Workmen's Compensation Act that have not heretofore been

construed by this court in matters such as those involved here, and for that reason we deem some preliminary consideration of the statutes essential.

Since the enactment of the Workmen's Compensation Act, section 2836, Revised Codes, a part of that Act, deprives the employer engaged in a hazardous occupation or business who has not elected to. come under the provisions of the Act of the common-law defenses in a suit for damages for injury or death of an employee occurring in the course of employment. Section 2836 provides: "In an action to recover damages for personal injuries sustained by an employee in the course of his employment, or for death resulting from personal injuries so sustained, it shall not be a defense:

" (1) That the employee was negligent, unless such negligence was willful;

" (2) That the injury was caused by the negligence of a fellow employee;

" (3) That the employee had assumed the risks inherent in, incident to, or arising out of his employment, or arising from the failure of the employer to provide and maintain a reasonably safe place to work, or reasonably safe tools or appliances."

On first impression it would appear that section 2836, being part of a special Act, applies only to those who elect to come under the Act, but we find that section 2838 of the same Act precludes any such construction, as this section specifically provides, among other things, that "any employer who elects to pay compensation as provided in this Act shall not be subject to the provisions of section 2836." The title of the Act eliminates "the first impression" mentioned above and expresses the intent to have the Act apply in certain particulars to all employers engaged in the hazardous occupations. The title provides: "An Act providing for the protection and safety of workmen in all places of employment and for the inspection and regulation of places of employment and in all inherently hazardous works and occupations; providing a schedule of compensation for injury to or death of workmen and methods of paying the same,

*and prescribing the liability of employers who do not elect to pay such compensation;* establishing the Industrial Accident Board, defining *its powers and duties; and providing for a review of its awards."* (Italics supplied.)

It appears that the peculiar wording of the two sections of the statute just referred to was constructed to avoid the compulsory features of the law, objectionable on constitutional grounds, and by depriving employers in the hazardous occupations of the old common-law defenses mentioned in section 2836 —a strong incentive to elect to come under the Act is provided. It will be noted that while this section protects the injured workman against the defenses mentioned, section 2838 gives similar protection to the employer who has elected to come under the Act, by depriving his employee, who has not so elected, of the advantages of the provisions of section 2836. In other words, the employee who has elected not to come under the provisions of the Act, suing for injuries sustained in his employment, is still subject to the old common-law defenses.

As stated above, this court has not heretofore had occasion to construe these provisions of the Workmen's Compensation Act on the questions involved here, but we find many decisions in other jurisdictions where similar provisions of compensation laws have been construed. A typical case is *Schein* v. *Feder*, 278 N. Y. Supp. 653, where it was said: "It was established by the evidence that at the time of the accident, the defendant had not complied with the Workmen's Compensation Law, in that he had failed to secure compensation for his employees. By section 11 of the Workmen's Compensation Law it is provided, in substance, that if the employer fails to secure the payment of compensation for his injured employees, an employee who is injured may maintain an action for damages on account of such injury, and, in such action, it shall not be necessary to plead or prove freedom from contributory negligence, nor may the defendant plead as a defense that the employee assumed the risk of his employment, nor that the injury was due to the contributory negligence of the employee. An injured employee, who

avails himself of the right given to him by the statute in question, is nevertheless bound to prove that the injury for which he sues was caused by the employer's negligence.'' (See, also, *Roselip* v. *Great Atlantic & Pacific Tea Co.*, 272 Mich. 560, 262 N. W. 408; *Grady* v. *Canfield*, 9 Cal. App. (2d) 341, 49 Pac. (2d) 902; *Central Ind. Ry. Co.* v. *Mitchell*, (Ind. App.) 199 N. E. 439; *Breene* v. *Crawford*, 175 Okl. 186, 53 Pac. (2d) 244.) The New York law differs from ours in that the injured employees may claim the compensation provided by the Act or maintain an action in court for damages at his option, and also differs in other particulars, but is practically the same as ours in such provisions as are involved here.

The acts of negligence which it is alleged gave rise to plaintiff's injuries are (1) that supply stocks of boxed radiators were stored too close to the brake drum lathe to enable the plaintiff, after his clothing was caught in the machine, to throw himself back and extricate himself, and avoid his fingers and hand being drawn into the revolving machine, (2) that the cut-off switch with which to cut off the power from the machine was so placed that one caught as was the plaintiff could not reach it, and (3) that the machine was in the workshop of the plaintiff in an isolated location not generally frequented by other employees and in case of accident help could not be summoned.

Defendant's first assignment of error is on the court's overruling its objection to the introduction of any evidence, and in support thereof counsel argue, in substance, that the complaint does not state a cause of action in that it does not show that the alleged acts of negligence of the defendant, as stated above, were the proximate cause of the plaintiff's injury. An objection to the introduction of any evidence is, in legal effect, equivalent to a general demurrer to the complaint. (See *Hurley* v. *Great Falls Base Ball Assn.*, 59 Mont. 21, 195 Pac. 559; *Saint* v. *Beal*, 66 Mont. 292, 213 Pac. 248.) It is well established that ''a complaint is sufficient against a general demurrer or an objection to the admission of evidence, if its allegations warrant a recovery in any amount or upon any admissible theory.''

(*Saint* v. *Beal*, supra; *Davenport* v. *Western Union Tel. Co.*, 91 Mont. 570, 9 Pac. (2d) 172; *Piatt & Heath Co.* v. *Wilmer*, 87 Mont. 382, 288 Pac. 1021; *Adams* v. *Durfee*, 67 Mont. 315, 215 Pac. 664.) Plaintiff's allegation that he was injured in the course of his employment and that such injury was due to the defendant's negligence states a cause of action.

The accident causing plaintiff's injuries, on the record before us, was due either to his own negligent act or to the negligence of the defendant, and, in view of the provision of the statute eliminating contributory negligence as a defense, we here have to consider on the question of negligence only the negligence of the defendant, unless the negligence of the plaintiff was willful, and if defendant's negligence in any one of the three particulars alleged be established it necessarily follows that such negligence was the proximate cause of plaintiff's injury.

"Proximate cause" and plaintiff's "willful" negligence are among the important questions involved here and will be considered at some length. On the question of proximate cause, definitions of the term "are inadequate to afford a definite and invariable rule whereby a line can be drawn between those causes which the law regards as sufficiently proximate and those which are too remote to be the foundation of an action; and the applicability of an announced definition must be determined by the peculiar facts and circumstances of the particular case, the question ordinarily being one of fact for the jury." (45 C. J. 900.) The citations supporting the conclusion are numerous. Appended notes furnish the following: "It has been found impractical to prescribe by abstract definition, applicable to all possible states of facts, what is a proximate and what a remote cause." (*Cleveland* v. *Bangor*, 87 Me. 259, 32 Atl. 892, 47 Am. St. Rep. 326.) "Theorize as we may on the subject of proximate cause, it is in its last analysis a question of good common sense, to be solved by a practical consideration of the evidence in each particular case." (*Childs* v. *Standard Oil Co.*, 149 Minn. 166, 182 N. W. 1000.) Mr. Justice Miller, speaking for the court upon the subject, in *Louisiana Mut. Ins. Co.* v. *Tweed*, 7 Wall. 44,

19 L. Ed. 65, said: "It would be an unprofitable labor to enter into an examination of these cases. If we could deduce from them the best possible expression of the rule, it would remain after all to decide each case largely upon the special facts belonging to it, and often upon the very nicest discrimination." (See, also, 50 C. J. 836.)

In this jurisdiction the term has often been defined by adopting the definitions generally given, and the definition given by the court in Instruction 4 embodies, in substance, the rule on the subject here. Irrespective of the generally accepted definition of "proximate cause" the preponderance of authority is that what constitutes negligence on the part of the employer and whether the negligent acts alleged were the proximate cause of the injury complained of or not, are questions for the jury, under proper instructions. (*Pierce* v. *Safeway Stores*, 93 Mont. 560, 20 Pac. (2d) 253; *Mullins* v. *City of Butte*, 93 Mont. 601, 20 Pac. (2d) 626; *Autio* v. *Miller*, 92 Mont. 150, 11 Pac. (2d) 1039; *McNair* v. *Berger*, 92 Mont. 441, 15 Pac. (2d) 834; *McKeon* v. *Kilduff*, 85 Mont. 562, 281 Pac. 345; *Boyd* v. *Great Northern Ry. Co.*, 84 Mont. 84, 274 Pac. 293; *Stroud* v. *Chicago, Mil. & St. P. Ry. Co.*, 75 Mont. 384, 243 Pac. 1089; *Chichas* v. *Foley Bros. Grocery Co.*, 73 Mont. 575, 236 Pac. 361; *Wallace* v. *Chicago etc. Ry. Co.*, 48 Mont. 427, 138 Pac. 499; *Allen* v. *Bear Creek Coal Co.*, 43 Mont. 269, 115 Pac. 673.) "It is the general rule that the question of proximate cause of injury is one to be determined by the trier of facts from the facts and circumstances developed by the evidence." (*Ethel D. Co.* v. *Industrial Acc. Com.*, 219 Cal. 699, 28 Pac. (2d) 919.)

The jury having determined the questions of negligence and proximate cause in favor of the plaintiff, a further rule precludes this court from a consideration of such facts. It is firmly established that a verdict and judgment supported by substantial evidence conflicting in character will not be disturbed on appeal. (*Morton* v. *Mooney*, 97 Mont. 1, 33 Pac. (2d) 262; *Simpson* v. *Miller*, 97 Mont. 328, 34 Pac. (2d) 528; *Harrington* v. *Deloraine Ref. Co.*, 99 Mont. 78, 43 Pac. (2d) 660; *Wibaux*

*Realty Co.* v. *Northern Pac. Ry. Co.,* 101 Mont. 126, 54 Pac. 1175, and cases cited.) "Substantial evidence" is evidence which, if true, would have probative force upon the issues. (*Berkemeier* v. *Reller,* 217 Mo. 614, 296 S. W. 739, 752.) Here there is substantial evidence, though conflicting, to support the allegations of defendant's negligence.

As to willful contributory negligence, "willful," in the sense ▮ it is used here, means "self-determined; voluntary; intentional." (Webster's New Int. Dict.) It has been held that " 'willfully' means deliberately and intentionally and with design and purpose." (*State* v. *Smith,* 159 Minn. 511, 199 N. W. 427; *Gatewood* v. *Commonwealth,* 215 Ky. 360, 285 S. W. 193.) The trial court by Instruction 19 defines "willful negligence" to be such negligence as is voluntarily done of one's own will and accord, and in a conscious and deliberate violation of an accepted and reasonable rule; a deliberate and conscious violation of the rule of operation of the brake drum lathe. "It means that an employee, at the time of committing an act recklessly resulting in his injury must be actually conscious that he is likely to be injured thereby or with a wanton and reckless disregard of the consequences, and, with that consciousness, deliberately commits the act. If you find that the plaintiff has been guilty of such conduct, your verdict must be for the defendant."

Schneider on Workmen's Compensation Law, in volume 1, section 282, second edition, dealing with willful misconduct, says: "It has been held that the word 'willful' imports that the conduct was deliberate and not merely a thoughtless act on the spur of the moment, or an act showing a lack of judgment; that it is an intentional doing of something either with the knowledge that it is likely to result in serious injury, or with a wanton and reckless disregard of its probable consequences, * * * Mere disobedience of orders does not necessarily, as a matter of law, constitute serious and willful misconduct, nor does the phrase include violation of rules. * * * In a Massachusetts case the court said: 'Serious and willful misconduct is much more than mere negligence or even than gross or culpable negli-

gence. It involves conduct of a quasi criminal nature, the intentional doing of something either with knowledge that it is likely to result in serious injury or a wanton and reckless disregard of its probable consequences. (*In re Burns*, 218 Mass. 8, 105 N. E. 601, Ann. Cas. 1916A, 787.)''

Instruction 19 embodying the accepted definition of willful negligence was not excepted to by the defendant, and in the absence of such objection became the law of the case. (*Cacic* v. *Slovenska Narodna Podporna Jednota*, 102 Mont. 438, 446, 59 Pac. (2d) 910; *Ashley* v. *Safeway Stores, Inc.*, 100 Mont. 312, 328, 47 Pac. (2d) 53; *Minneapolis-Moline Power Imp. Co.* v. *Parent*, 93 Mont. 207, 17 Pac. (2d) 1088; *In re Bright's Estate*, 89 Mont. 394, 400, 300 Pac. 229; *Herd* v. *Freeman*, 84 Mont. 32, 273 Pac. 1047; *Cramer* v. *Deschler Broom Factory*, 79 Mont. 220, 255 Pac. 346; *Wray* v. *Great Falls Paper Co.*, 72 Mont. 461, 234 Pac. 486.) To assume that the plaintiff deliberately, intentionally or willfully injured himself is unthinkable and is not supported by the record in any particular.

Assignment of error No. 2 is on the court's denial of the motion for nonsuit. On motion for nonsuit ''the settled rule is that a case should not be taken from the jury unless it follows as a matter of law that the plaintiff cannot recover upon any view of the evidence, including the legitimate inferences to be drawn from it.'' (*Pierce* v. *Safeway Stores, Inc.*, 93 Mont. 560, 20 Pac. (2d) 253; *McKeon* v. *Kilduff, supra*; *Robinson* v. *F. W. Woolworth Co.*, 80 Mont. 431, 261 Pac. 253; *Stevens* v. *Hines*, 63 Mont. 94, 206 Pac. 441.) There was no error in the denial of the motion. The evidence is sufficient to support the verdict and judgment on the first two acts of negligence alleged. This is also sufficient answer to the assignment on the alleged error of the court in ordering judgment entered in favor of the plaintiff.

Assignment 4 is on the court's denial of defendant's motion for a new trial. Much that has been said on the motion for nonsuit is applicable here. The motion is based upon subdivisions 3, 5, 6 and 7 of section 9397, Revised Codes. The reliance

on subdivision 3—accident and surprise—is without merit here. The argument of counsel on this point relates to a dispute about the sufficiency of the space around the lathe in which the plaintiff had to work in operating it. No error will be considered that is predicated upon the contributory negligence of the plaintiff, unless such negligence were willful, and that question has been disposed of. Subdivision 5 relates to excessive damages. The plaintiff's means of livelihood is his ability as an automobile mechanic, and in that occupation his hands are his direct and efficient means of carrying on that occupation. The evidence clearly shows that the efficient use of one hand has been largely destroyed—one finger gone and another stiff. In addition, his pain and suffering are material elements in fixing the amount of damages. On the question of excessive damages we have heretofore said: "This court will not substitute its judgment for that of the jury, especially where, as here, the trial court has approved the verdict by denying the motion for a new trial." (*Fulton* v. *Chouteau County Farmers' Co.*, 98 Mont. 38, 37 Pac. (2d) 1025.) The other subdivisions of section 9397 are covered by other assignments and by what has already been said.

Assignment No. 5 is predicated upon the court's refusal to adopt the compensation provided by the Workmen's Compensation Act for injuries similar to those suffered by the plaintiff, "as a yardstick" to measure plaintiff's damages. This court said in *Chisholm* v. *Vocational School for Girls*, 103 Mont. 503, 64 Pac. (2d) 838: "However, the right to recover damages for an injury is not a debt in the ordinary sense of the term (*Coty* v. *Cogswell*, 100 Mont. 496, 50 Pac. (2d) 249); nor is the right to secure compensation for the results of an industrial accident, as provided for in the Workmen's Compensation Act, a cause of action for damages for the resulting injury. In determining the amount of an award of compensation under the Act, the element of pain and suffering, often the most important consideration in determining the amount of damages to be awarded in a personal injury action, has no place. 'The relation imposed by these laws is purely economic in character as distinguished from

the creation of a new right in the employee sounding in tort.' '' ''Workmen's compensation is imposed as an incident of the employment relationship.'' (*Alaska Packers Assn.* v. *Industrial Acc. Com. of California,* 294 U. S. 532, 55 Sup. Ct. 518, 79 L. Ed. 1044, affirming 1 Cal. (2d) 250, 34 Pac. (2d) 716.) It is obvious that the Workmen's Compensation Act does not furnish a proper ''yardstick'' to measure the damages an injured employee may recover in an action such as the one here.

Assignment No. 7 is predicated, in part, upon Instruction 4; assignment No. 8 on Instruction 5; assignment 9 on Instruction 8; assignment 10 on Instruction 9; assignment 11 on Instruction 10; assignment 14 on Instruction 13; and assignment 17 on Instruction 17. All are predicated in part on the failure of the court to ''take into consideration the affirmative defense and cross-complaint of the defendant, wherein defendant sought damages to the extent of $983.80, representing payments made on behalf of the plaintiff by the defendant for medical services, hospitalization and wages.'' Instruction 4 defines ''proximate cause,'' and advised the jury ''that if you find from the evidence in this case that plaintiff's injuries, if any, were due to or proximately caused by the negligence, if any, of the defendant as alleged in plaintiff's complaint, then your verdict must be in favor of the plaintiff.'' The point made by the defendant in regard to the counterclaim is clearly without merit, for the reason that the court's Instruction No. 21 contains this sentence: ''If, however, you find from the evidence that the plaintiff is entitled to damages on account of said injuries sustained, and if the sum fixed is in excess of the said sum of $983.80 allegedly paid by the defendant for wages, hospital and medical services, then you are to deduct from the amount of damages awarded the sum of $983.80.'' It was not necessary to restate this sentence in each of the other instructions. In fact, it would have been a useless and unnecessary addition to the record to do so. The rule is well established that instructions must be considered in their entirety. (*Michalsky* v. *Centennial Brewing Co.,* 48 Mont. 1, 134 Pac. 307; *Westlake* v. *Keating Gold Min. Co.,* 48 Mont. 120, 136 Pac. 38; *Anderson* v. *Missoula Street Ry. Co.,*

54 Mont. 83, 167 Pac. 841; *Loncar* v. *National Union Fire Ins. Co.,* 84 Mont. 141, 274 Pac. 844.)

Assignment 8 is predicated in part on Instruction 5 which, in substance, is to the effect that if plaintiff established one or more of the alleged acts of negligence he is entitled to recover. The instruction is supported by the established rule. (*Burns* v. *Eminger,* 84 Mont. 397, 408, 276 Pac. 437, and cases cited.)

Assignment No. 15 is predicated upon Instruction 14. It is argued that where that instruction uses the word "failed," instead of the word "elect," relative to defendant's failure to come under the Workmen's Compensation Act, the inference was carried to the jury that the defendant was a law violator. We do not think there is any merit to this contention, as the word "failed" is frequently used in the books in the same sense it is used in the instruction complained of, and we see nothing in the use of that particular word that would justify one in believing that the jury, by reason of the use of the word "failed," instead of "elected" would assume that the defendant was a law violator.

Assignments which invoke the question of plaintiff's contributory negligence have not been considered. Willful negligence on the part of the plaintiff has not been shown, and contributory negligence is otherwise eliminated by the statute.

Other assignments not specifically considered involve the admission or exclusion of testimony on plaintiff's chances of obtaining employment in his trade with a crippled hand, and his ability to compete with able-bodied men in the same line. We think jurors are as capable of judging as to the extent one would be handicapped in work where the use of the hands is essential, as any other persons in any profession, occupation, trade or business, and, that being true, the testimony was not particularly material one way or the other.

We find no material error in the record. The judgment is affirmed.

ASSOCIATE JUSTICES STEWART, ANDERSON and ANGSTMAN concur.