No. 86-508

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

SUSAN M. HUNNEWELL,

        Plaintiff and Appellant,

  -vs-

RICK SYME,

        Defendant and Respondent.

---

APPEAL FROM: District Court of the Ninth Judicial District,
In and for the County of Pondera,
The Honorable R. D. McPhillips, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        H. Charles Stahmer, Bozeman, Montana

    For Respondent:

        Robert T. Cummins, Helena, Montana

---

Submitted on Briefs: Sept. 10, 1987

Decided: December 31, 1987

Filed: DEC 31 1987

_Ethel M. Harrison_

Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

The plaintiff appeals the District Court's order granting the defendant's motion for summary judgment. The issue raised on appeal is whether an employee can recover bodily injury damages when the only negligence alleged by the employee in the court below was the employer's failure to carry workers' compensation insurance. We affirm.

In May 1981, Susan Hunnewell started working for Mr. Syme. In July 1981, Ms. Hunnewell attended a roping clinic in Conrad, Montana at the direction of Mr. Syme. Mr. Syme was paying her and she was in Conrad for his benefit. While there, the horse she was roping on was undercut by a steer. Ms. Hunnewell and the horse both tumbled, injuring Ms. Hunnewell. After the accident Mr. Syme notified Ms. Hunnewell that he did not carry workers' compensation insurance. There is a question of fact as to whether the parties were involved in an employment relationship. For the purposes of reviewing the motion for summary judgment Ms. Hunnewell's allegations that it was an employment relationship will be presumed true.

In June 1984, Ms. Hunnewell filed a complaint alleging:

I.
That the Defendant, RICK SYME, employed the Plaintiff, SUSAN M. HUNNEWELL, as a horse trainer.

II.
Plaintiff was employed for the Defendant from May 1, 1981 to July 17, 1981.

### III.
On the 17th of July, 1981, the Plaintiff, while engaged in the course of her employment, received severe bodily injuries.

### IV.
The Plaintiff was uninsured as provided by the Workman's Compensation Act of the State of Montana, M.C.A. 39-71-509, said Plaintiff was electing to pursue damage action against the Defendant as her employer.

The District Court granted Mr. Syme's motion for summary judgment holding that Ms. Hunnewell failed to present a prima facie case of negligence. Employees electing to sue employers under § 39-71-509, MCA (1981), rather than initiate proceedings against the uninsured employers' fund, § 39-71-502, MCA, must present a prima facie case of negligence to maintain an action for damages against an employer. The District Court cited Chancellor v. Hines Motor Supply (1937), 104 Mont. 603, 69 P.2d 764, as authority.

Ms. Hunnewell argues that she did allege negligence on the defendant's part, even though he had no part in causing her physical injuries. Ms. Hunnewell contends:  1) that § 39-71-401(1), MCA, requiring employers to carry workers' compensation insurance, establishes a standard of care owed to employees to carry workers' compensation insurance; 2) that Mr. Syme failed to carry workers' compensation insurance; 3) that a violation of this statutory duty constitutes negligence per se; and 4) that she suffered financial damage because she was deprived of the compensation she would have received had Mr. Syme been covered by workers' compensation insurance.  Mr. Syme asserts that a damage

3

action under § 39-71-509, MCA, requires proof of negligence that results in physical injury only.

In Boehm v. Alanon Club (Mont. 1986), 722 P.2d 1160, 43 St.Rep. 1341, this Court reaffirmed the holding in <u>Chancellor</u> that an action for damages against an employer requires the employee to present a prima facie case of negligence. <u>Chancellor</u> stated "An injured employee, who avails himself of the right given to him by the statute in question, is nevertheless bound to prove that the injury for which he sues was caused by the employer's negligence." <u>Chancellor</u>, 69 P.2d at 767. Although Ms. Hunnewell admits that Mr. Syme had no part in causing her physical injuries, she asserts she has alleged the negligence necessary to pursue a damage claim pursuant to § 39-71-509, MCA, by simply asserting that Mr. Syme did not have workers' compensation insurance.

This contention is incorrect for several reasons. First, even if Mr. Syme was negligent by not carrying workers' compensation insurance, his negligence was not the proximate cause of Ms. Hunnewell's injuries. The Workers' Compensation Act defines injury as:

> (a)  internal or external physical harm to the body;
> (b)  damage to prosthetic devices or appliances, except for damage to eyeglasses, contact lenses, dentures, or hearing aids; or
> (c)  death.

Section 39-71-119, MCA. Financial injury, such as Ms. Hunnewell alleges, is not the sort of injury contemplated as compensable by way of a tort claim under § 39-71-509, MCA. Although Ms. Hunnewell suffered physical injury, Mr. Syme's

4

failure to carry insurance was in no way the proximate cause of her physical injuries.

Second, Mr. Syme's failure to comply with § 39-71-401, MCA, does not constitute negligence per se. Workers' compensation statutes were enacted as social insurance rather than to provide for damages in tort-connected liability cases. Mahlum v. Broeder (1966), 147 Mont. 386, 394, 412 P.2d 572, 576. Mr. Syme's failure to comply with § 39-71-401 is not the proximate cause of Ms. Hunnewell's injuries because: "To constitute negligence per se, a statutory violation must also be the proximate cause of the injuries sustained." Kudrna v. Comet Corp. (1977), 175 Mont. 29, 39, 572 P.2d 183, 189.

Finally, the Workers' Compensation Act has been amended since Ms. Hunnewell's accident. Section 39-71-515, MCA, gives employees an independent cause of action against uninsured employers by imposing liability simply on the basis of the employer's failure to be enrolled in a workers' compensation plan. This does not help the appellant in this case. The cause of action Ms. Hunnewell alleges, imposing liability on an employer based solely upon failure to enroll in a workers' compensation plan, did not exist at the time of her injury. The law at the time of her injury governs recovery. Iverson v. Argonaut Insurance Company (Mont. 1982), 645 P.2d 1366, 1367, 39 St.Rep. 1040, 1041.

Ms. Hunnewell also raises the argument that if she is not allowed to recover in a damamge action she will be denied her constitutional right of full redress pursuant to Art. II, section 16 of the Montana Constitution. This argument has no application in this case. A "speedy remedy afforded for

5

every injury" does not equate to damages without first establishing liability. Thus, the District Court did not err when it granted summary judgment in favor of respondent.

Affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____
Justices